(646 P.2d 1124)
No. 53,152

LEAH M. BARKLEY, *Appellee,* v. JOHN H. TOLAND, *Appellant.*

Petition for review denied August 23, 1982.

Opinion filed June 17, 1982.

*Michael R. O'Neal,* of Hodge, Reynolds, Smith, Peirce & Forker, of Hutchinson, for the appellant.

*Randall C. Henry,* of Mitchell, Henry & Voth, of Hutchinson, for the appellee.

Before MEYER, P.J., ABBOTT and SWINEHART, JJ.

SWINEHART, J.: This is an appeal by defendant John H. Toland from the order of the District Court of Reno County denying his motion to set aside a default judgment in a negligence action.

On April 27, 1978, plaintiff Leah M. Barkley and defendant were involved in an automobile accident in Hutchinson, Kansas. On March 31, 1980, plaintiff filed suit against defendant, and summons was directed to defendant at 3306 North Elm, Hutchinson. On April 3, 1980, an officer of the Reno County Sheriff's office went to that address to attempt service on the defendant. Defendant's mother accepted the summons and told the officer that her son was not there; that he was presently in school in Oklahoma and came home occasionally on weekends and holidays. She also stated that 3306 North Elm was defendant's "permanent address."

On April 4, 1980, defendant's mother took the summons and petition to the local office of the agent for the Pennsylvania National Mutual Casualty Insurance Company, the insurer of defendant's automobile which was involved in the accident. Defendant's mother did not give or send the summons to defendant and failed to even tell him of its existence. She was contacted about three weeks after the original service by someone in the insurance agent's office and was told that "they had taken care of it and that's all there was to it."

On April 25, 1980, plaintiff moved for default judgment on the issue of liability only. The motion was granted and the journal entry of default judgment recited: "That the defendant was properly served with summons as by law required on the 3rd day

of April, 1980, and that no substantive pleading has been filed by Defendant or on his behalf." That same order also directed that plaintiff "shall give notice to Defendant as to the day and time evidence will be presented to this Court on the question of damages alleged in Plaintiff's Petition."

A copy of the order was mailed to defendant at 3306 North Elm, Hutchinson, on May 22, 1980, and also to defendant's insurance agent on May 28, 1980, pursuant to the trial court's request. Sometime during May of 1980, defendant received actual notice of the lawsuit from a third party.

On June 9, 1980, the trial court held the scheduled hearing on the issue of plaintiff's damages. No appearance was made by defendant. After hearing evidence as to plaintiff's damages, judgment in the amount of $50,000 was entered against defendant.

On July 2, 1980, plaintiff filed a request for garnishment with the office of the Clerk of the District Court of Reno County against Pennsylvania National Mutual Casualty Insurance Company. On July 18, 1980, the garnishee filed its answer, alleging that the default judgment entered against defendant was void, in that no service of process was ever effected.

On August 14, 1980, defendant filed a motion with the trial court pursuant to K.S.A. 60-255(b) and 60-260(b) for an order setting aside the default judgment, alleging that the judgment was void for lack of jurisdiction and personal service on the defendant as required by K.S.A. 60-304 and 60-308.

Defendant moved to Oklahoma in August of 1978 to attend school at the Spartan School of Aeronautics. He rented a house in Tulsa where he lived from August of 1978 until November of 1980. He returned to Hutchinson only occasionally for brief visits during this period. He completed his course work at Spartan in February of 1980 and became employed by Air Tulsa where he is also taking some courses or training to obtain his instructor's rating. During this period of time, his driver's license, automobile registration and automobile title and tax returns all listed 3306 North Elm in Hutchinson as his address, and he paid personal property taxes in Reno County.

On November 26, 1980, the trial court heard defendant's motion to set aside the default judgment. On March 17, 1981, the court issued its memorandum opinion ruling that the purported

service of April 3, 1980, was ineffective. The trial court refused, however, to set aside the default judgment on the basis that the motion to set aside the judgment was not made within a reasonable time.

Defendant appeals from this ruling, raising the issue of whether the trial court erred in refusing to grant defendant's motion to set aside the default judgment after finding that defendant was not properly served.

Plaintiff-appellee Barkley contends in her brief that the trial court erred in finding that the service of process on defendant was not proper.

K.S.A. 60-2103(*h*) provides:

"(*h*) *Cross-appeal.* When notice of appeal has been served in a case and the appellee desires to have a review of rulings and decisions of which he or she complaints, the appellee shall within twenty (20) days after the notice of appeal has been served upon him or her and filed with the clerk of the trial court, give notice of his or her cross-appeal."

No such notice of cross-appeal was filed in the present case. Consequently, this court is precluded from reviewing the trial court's rulings complained of in plaintiff's brief. *Vaughn v. Murray,* 214 Kan. 456, Syl. ¶ 5, 521 P.2d 262 (1974); *Key v. Clegg,* 4 Kan. App. 2d 267, 276, 604 P.2d 1212, *rev. denied* 227 Kan. 927 (1980).

Defendant contends that the trial court erred in refusing to grant his motion to set aside a default judgment after finding that he was not properly served. The trial court held that the failure of defendant or his insurance company to move to set aside the judgment until after June 30, 1980, so that plaintiff's claim would be barred by K.S.A. 60-203 and 60-513, the applicable statute of limitations, was a free, calculated and deliberate choice so as to prevent the trial court from exercising its discretion in setting aside the judgment. The defendant maintains that once the trial court found service to be improper, it was without discretion and was required to set aside the judgment.

In *Haley v. Hershberger,* 207 Kan. 459, Syl. ¶ 2, 485 P.2d 1321 (1971), the court held:

"Jurisdiction over the person of the defendant can be acquired only by issuance and service of process in the method prescribed by statute, or by voluntary appearance."

In *American Home Life Ins. Co. v. Heide,* 199 Kan. 652, Syl. ¶ 3, 433 P.2d 454 (1967), the court held:

"A motion in an action asking that a district court's judgment therein be vacated because of lack of jurisdiction over the person is within the purview of K.S.A. 60-260(*b*)(4)."

The court further stated:

"There is no necessity to defend on the merits against a void judgment before it can be vacated; likewise knowledge of the pendency of the action is an immaterial factor in its vacation; the attack may take various forms, and *there is no time limitation.*

. . . .

"If the judgment were void, appellant was entitled to have it vacated as requested." (Emphasis supplied.) p. 655.

The court went on to find that the judgment was not void.

K.S.A. 60-260(*b*) provides in part:

"On motion and upon such terms as are just, the court may relieve a party or said party's legal representative from a final judgment, order, or proceeding for the following reasons  .  .  .  .  (4) the judgment is void  .  .  .  .  The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order, or proceeding was entered or taken."

In *Jones v. Smith,* 5 Kan. App. 2d 352, Syl. ¶ 6, 616 P.2d 300, *rev. denied* 228 Kan. 806 (1980), this court held that a motion for relief from a judgment under K.S.A. 60-260(*b*)(6) must be made within a reasonable time and stated:

"A determination of 'reasonable time' under the statute depends on all the circumstances, including the time between the entry of the judgment from which relief is sought and the time of the motion, the time at which the parties seeking relief became aware of the grounds supporting their motion, any changes the parties may have made in reliance on the judgment, and all other relevant factors."

The issue left unresolved in the present case is whether a motion for relief from a judgment under K.S.A. 60-260(*b*)(4) must be made within a reasonable time.

The provisions of K.S.A. 60-260(*b*) were patterned after the Federal Rules of Civil Procedure, and the Kansas Courts have often considered applicable federal cases for guidance. *Reliance Insurance Companies v. Thompson-Hayward Chemical Co.,* 214 Kan. 110, 117, 519 P.2d 730 (1974); *Jones v. Smith,* 5 Kan. App. 2d at 354.

*Misco Leasing, Inc. v. Vaughn,* 450 F.2d 257 (10th Cir. 1971), concerned proceedings on a motion before the Federal District Court of Kansas to vacate a default judgment. The court held that

process under the Kansas long-arm statute was not valid under the facts of the case. The plaintiff then raised the issue of whether the defendant was barred from relief under Federal Rule of Civil Procedure 60(b)(4) (comparable to K.S.A. 60-260[b][4]) because he did not move to vacate the judgment within a reasonable time after its entry. The defendant waited two years to make the motion to vacate the judgment. The court held:

"As to point 1, it does not appear that the motion under Rule 60(b) must be filed within any particular time limit if the judgment is indeed a nullity due to a complete lack of personal jurisdiction over the defendant. The cases say that a void judgment acquires no validity as the result of laches on the part of the adverse party. [*Taft v. Donellan Jerome, Inc.,* 407 F.2d 807, 808 (7th Cir. 1969); *Austin v. Smith,* 114 U.S. App. D.C. 97, 312 F.2d 337, 343 (D.C. Cir. 1962); *Marquette Corporation v. Priester,* 234 F. Supp. 799, 802 (E.D.S.C. 1964).] We are not asked to consider whether under any particular circumstances a movant under Rule 60(b) may be estopped or precluded from filing such a motion." p. 260.

In 7 Moore's Federal Practice § 60.25 [2], pp. 300-301 (2d ed. 1982), the following discussion is found:

"A void judgment is something very different than a valid judgment. The void judgment creates no binding obligation upon the parties, or their privies; it is legally ineffective. And while, if it is a judgment rendered by a federal district court, the court which rendered it may set it aside under Rule 59, within the short time period therein provided, or the judgment may be reversed or set aside upon an appeal taken within due time where the record is adequate to show voidness, the judgment may also be set aside under 60(b)(4) within a 'reasonable time', which, as here applied, means generally no time limit, the enforcement of the judgment may be enjoined; or the judgment may be collaterally attacked at any time in any proceeding, state or federal, in which the effect of the judgment comes in issue, which means that if the judgment is void it should be treated as legally ineffective in the subsequent proceeding. Even the party which obtained the void judgment may collaterally attack it. And the substance of these principles are equally applicable to a void state judgment.

"A party attacking a judgment as void need show no meritorious claim or defense or other equities on his behalf; he is entitled to have the judgment treated for what it is, a legal nullity, if he establishes that the judgment is void."

The treatise further states at § 60.25[4], pp. 314-315:

"Unlike clauses (1)-(3), a motion under clause (4) is not subject to a maximum time limitation of one year, but like a motion under clauses (5) and (6), the Rule provides that the 60(b)(4) motion must be made within a 'reasonable time'. What is the meaning of this 'reasonable time' limitation with respect to a motion for relief from a void judgment?

"The theory underlying the concept of a void judgment is that it is legally ineffective—a legal nullity; and may be vacated by the court which rendered it at any time. Laches of a party can not cure a judgment that is so defective as to be

void; laches cannot infuse the judgment with life. Further, it may, when appropriately called in question, be adjudged void in any collateral proceeding, and this collateral attack may be made at any time. Since a federal judgment that is void can be so collaterally attacked, and since the judgment sustaining the collateral attack would have to be given effect in a subsequent 60(b)(4) motion to set the federal judgment aside as void, the 'reasonable time' limitation must generally mean no time limit, although there may be exceptional situations where the reasonable time limitation would require diligence on the part of the movant."

11 Wright & Miller, Federal Practice and Procedure: Civil § 2862, pp. 197-198 (1973), provides the following discussion on this issue:

"Rule 60(b)(4) authorizes relief from void judgments. Necessarily a motion under this part of the rule differs markedly from motions under the other clauses of Rule 60(b). *There is no question of discretion* on the part of the court when a motion is under Rule 60(b)(4). Nor is there any requirement, as there usually is when default judgments are attacked under Rule 60(b), that the moving party show that he has a meritorious defense. Either a judgment is void or it is valid. Determining which it is may well present a difficult question, but when that question is resolved, the court must act accordingly.

"By the same token, there is no time limit on an attack on a judgment as void. The one-year limit applicable to some Rule 60(b) motions is expressly inapplicable, and even the requirement that the motion be made within a 'reasonable time,' which seems literally to apply to motions under Rule 60(b)(4), cannot be enforced with regard to this class of motion. A void judgment cannot acquire validity because of laches on the part of the judgment debtor." (Emphasis supplied.)

The clear consensus is that a motion made to set aside a *void* judgment can be made at any time, since the passage of time cannot cure the defect in the judgment. We find that the trial court in the present case erred in refusing to set aside the judgment because defendant's motion, which was filed approximately two months after the $50,000 judgment was entered and approximately three months after he obtained actual notice of the suit, was not filed within a reasonable time.

Reversed and remanded with directions to set aside the default judgment.