(847 P.2d 1341)

No. 68,036

BETHANY MEDICAL CENTER, *Appellee*, v. SAMIR NIYAZI, *Appellant.*

Opinion filed March 5, 1993.

*Max D. Goracke*, of Kansas City, Missouri, for appellant.

*Kurt S. Brack*, of Holbrook, Heaven & Fay, P.A., of Kansas City, for appellee.

Before GERNON, P.J., ELLIOTT, J., and RICHARD W. WAHL, District Judge Retired, assigned.

WAHL, J.: Samir Niyazi (Niyazi) appeals from the district court's denial of his motion to set aside a default judgment entered in favor of Bethany Medical Center.

In August 1985, Niyazi's wife, Joyce, underwent surgery at Bethany Medical Center (Bethany). During her hospitalization, she incurred medical bills in excess of $45,000. Bethany was never paid for the care provided Joyce, and, on March 1, 1990, Bethany

filed a petition seeking a monetary judgment against the Niyazis. On March 9, 1990, Niyazi was personally served in Missouri with a summons and a copy of Bethany's petition. The summons stated Niyazi had 30 days after receipt of service to file an answer to the petition and that a failure to answer would result in the entry of a default judgment. The summons did not indicate a trial date had been set. An attempt to serve Joyce Niyazi with summons was unsuccessful. According to Niyazi, he and Joyce were divorced and living apart in 1990.

On March 27, 1990, representatives of Bethany appeared in district court for a trial on its claims against Niyazi. Niyazi failed to appear and was found to be in default. The court awarded Bethany a judgment in the amount of $45,418.56, plus interest and costs. A journal entry signed by the court was filed on March 29, 1990. At Bethany's request, the court issued several garnishment orders in an effort to collect on the judgment. However, Niyazi did not learn of the judgment against him until the garnishment of his wages began in November 1991.

On March 18, 1992, Niyazi filed a motion pursuant to K.S.A. 60-260(b)(4) to set aside as void the default judgment previously entered against him. In addition, Niyazi filed an affidavit stating the default judgment was invalid because he was improperly served with process in Missouri. A hearing on Niyazi's motion was held on March 27, 1992, and the district court denied his motion to set aside the judgment. The court concluded: (1) The information contained in Niyazi's affidavit was insufficient to justify setting aside the judgment, and (2) Niyazi did not file his motion within a reasonable time. Niyazi timely appeals.

The sole issue raised by Niyazi on appeal is whether the trial court erred in denying his motion to set aside the default judgment entered against him. As a general rule, a ruling on a motion for relief from a final judgment filed pursuant to K.S.A. 60-260(b) rests within the sound discretion of the trial court and will not be reversed absent a showing of abuse of discretion. *Bazine State Bank v. Pawnee Prod. Serv., Inc.*, 245 Kan. 490, 495, 781 P.2d 1077 (1989), *cert. denied* 495 U.S. 932 (1990). In this case, however, Niyazi attacked the default judgment as being void. There is no question of discretion on the part of a court when a judgment is attacked under K.S.A. 60-260(b)(4). Either a judgment is valid

or it is void, and the court must act accordingly once the issue is resolved. *Barkley v. Toland*, 7 Kan. App. 2d 625, 630, 646 P.2d 1124, *rev. denied* 231 Kan. 799 (1982).

A void judgment is one rendered by a court which lacked personal or subject matter jurisdiction or acted in a manner inconsistent with due process. *Producers Equip. Sales, Inc. v. Thomason*, 15 Kan. App. 2d 393, Syl. ¶ 2, 808 P.2d 881 (1991). On appeal, Niyazi conceded that the district court had jurisdiction. The question thus becomes whether the court, in rendering its judgment, acted in a manner inconsistent with due process.

The basic elements of due process include notice and an opportunity to be heard at a meaningful time and in a meaningful manner. *Peck v. University Residence Committee of Kansas State Univ.*, 248 Kan. 450, 467, 807 P.2d 652 (1991). Niyazi did receive notice, in the form of a summons, informing him: (1) He was the named defendant in a lawsuit; (2) he had 30 days after receipt of service to file an answer; and (3) the failure to file an answer would result in the entry of a default judgment against him.

Although Niyazi's receipt of the summons is admitted, the district court acted in a manner inconsistent with due process when it entered default judgment in favor of Bethany on March 27, 1990, only 18 days after Niyazi received the summons. The March 27 hearing occurred in contravention of K.S.A. 1992 Supp. 60-308(a)(3), which provides that, when service is made upon a defendant in a state other than Kansas, a default judgment may not be entered until the expiration of at least 30 days after service. Furthermore, the record does not show Niyazi ever received notice of the March 27, 1990, hearing date. Given these facts, Niyazi was not afforded his statutory time to respond to the petition, he received no notice of the March 27 hearing, and he was not given an opportunity to be heard. See *Jacobson-Lyons Stone Co. v. Silverdale Cut Stone Co.*, 189 Kan. 511, 518, 370 P.2d 68 (1962) (to be valid a notice must reasonably afford an opportunity to the adverse party to be present and be heard); *State v. Buckle*, 4 Kan. App. 2d 250, 255, 604 P.2d 743 (1979) (a notice which does not fairly apprise a party of the action proposed to be taken is no notice at all). The default judgment in this case is void.

In denying Niyazi's motion to set aside the default judgment, the district court concluded Niyazi's motion was not filed within a reasonable time. The district court's conclusion regarding the timeliness of Niyazi's motion is erroneous. A void judgment is a nullity and may be vacated at any time. *Bazine State Bank v. Pawnee Prod. Serv., Inc.*, 245 Kan. at 496. A motion to set aside a void judgment can be made at any time since the passage of time cannot cure defects in the judgment. *Barkley v. Toland*, 7 Kan. App. 2d at 630.

The fact that Niyazi never filed an answer to Bethany's petition does not save the default judgment entered. A void judgment is an absolute nullity. *Sramek v. Sramek*, 17 Kan. App. 2d 573, Syl. ¶ 2, 840 P.2d 553 (1992), *rev. denied* 252 Kan. 1093 (1993).

Bethany contends Niyazi's action to set aside the default judgment as void is barred by laches. As a general statement, laches cannot be asserted to bar an action to set aside a void judgment. There may be unusual or special circumstances, however, when laches may be asserted to preclude relief, such as when parties have innocently relied upon the record of the judgment. *Ford v. Willits*, 237 Kan. 13, 15-16, 697 P.2d 834 (1985). Bethany asserts the existence of no unusual or special circumstances other than Niyazi's failure to file his motion immediately upon learning of the judgment against him. As indicated in *Ford*, when a party asserts the defense of laches in an action to set aside a void judgment, the mere passage of time does not constitute unusual circumstances. Bethany's attempt to assert laches cannot be sustained.

The judgment of the trial court is reversed and the case is remanded with instructions to grant appellant's motion to set aside the default judgment entered against him.