No. 101,097

DEBRA L. MILLER, in Her Capacity as the Secretary of Transportation for the State of Kansas, *Appellee*, v. GLACIER DEVELOPMENT COMPANY, L.L.C., and LESTER M. DEAN, JR., *Appellants*.

(270 P.3d 1065)

Opinion filed December 23, 2011.

*James D. Oliver*, of Foulston Siefkin, LLP, of Overland Park, argued the cause, and *Reid F. Holbrook* and *Judd L. Herbster*, of Holbrook & Osborn P.A., of Overland Park, were with him on the briefs for appellant Dean.

*Paul G. Schepers*, of Orrick & Associates, L.L.P., of Overland Park, argued the cause, and *Timothy P. Orrick, Renee M. Gurney*, and *Jason B. Prier*, of the same firm, were on the brief for appellee.

The opinion of the court was delivered by

JOHNSON, J.: Lester M. Dean, Jr. challenges the entry of a personal judgment against him for an excess condemnation award which had been paid to Glacier Development Co., L.L.C. (Glacier), a limited liability company (LLC) of which Dean was the sole and managing member. Finding that the district court did not have jurisdiction to make the findings necessary to hold Dean personally liable for an LLC debt, we reverse.

## FACTUAL AND PROCEDURAL OVERVIEW

Glacier owned certain property in Kansas City, Kansas, which the Kansas Department of Transportation (KDOT) took for highway purposes on August 13, 2003. KDOT's eminent domain petition did not individually name Dean as a defendant or allege that he personally owned any of the property. The court-appointed appraisers awarded Glacier $2.19 million as the fair market value of the property. Glacier applied to withdraw the appraisers' award, subject to the payment of certain liens and other fees. The court subsequently granted the application, and the court clerk distributed the landowner's share of the award to Glacier.

On August 29, 2003, KDOT appealed the appraisers' award. Its notice of appeal to the district court listed a number of defendants, including Glacier, but it did not identify Dean, individually, as a landowner. However, certain attorneys filed an entry of appearance which declared that they were appearing "on behalf of Defendants, Glacier Development Company, L.L.C. and Lester M. Dean, Jr." Thereafter, both parties and the district court included Dean in the case caption and referred to him as one of the landowners.

In June 2005, a jury trial was conducted, resulting in a verdict that the subject property's value was $800,000. The district court accepted the jury's valuation and opined that "[a]s a result of the verdict, [KDOT] is entitled to judgment against the Defendants in the amount of $1,390,000, the difference between the amount previously paid by Condemnor and the jury's verdict of just compensation, plus interest at the statutory rate from the date of taking until satisfied." The court's journal entry of judgment, file-stamped July 15, 2005, ordered that a judgment was awarded in favor of plaintiff KDOT "against the Defendants," without specifically stating whether Dean, as an individual, was to be jointly and severally liable with the LLC for the excess distribution of the appraisers' award.

The landowner appealed the jury verdict, continuing to utilize the modified caption that named Dean as a defendant and continuing to refer to Dean as an owner of the condemned property. However, while the appeal was pending, Glacier and Dean filed a motion in the district court, seeking either a nunc pro tunc order or relief from the district court judgment. Specifically, the motion requested that Dean's name be removed from the judgment because he did not own the subject property in his personal capacity; he was not personally named as a defendant in KDOT's petition; and he was not served with process in his personal capacity. On December 5, 2005, the district court denied the motion, finding that it could not characterize the naming of Dean as a defendant to be a clerical error or simple oversight that would be amenable to a nunc pro tunc order. Further, the district court opined that it did not have jurisdiction to address the substantive claim because the appeal had been docketed with the Clerk of the Appellate Courts, *i.e.*, the assumption of jurisdiction by the appellate courts had terminated the district court's jurisdiction over substantive questions.

Thereafter, Dean sought to set aside or stay the enforcement of the judgment in the State of Missouri based upon the fact that he was not a party to the Kansas eminent domain proceeding. That avenue of challenge was ultimately unsuccessful. See *Miller v. Dean*, 289 S.W.3d 620 (Mo. App. 2009).

Back in Kansas, a divided Supreme Court affirmed the jury's valuation verdict in a plurality opinion filed July 13, 2007. *Miller v. Glacier Development Co.*, 284 Kan. 476, 161 P.3d 730 (2007). Thereafter, Dean filed a motion for relief from judgment in the district court, asserting that he was not properly a party defendant in the eminent domain appeal. The district court denied the motion, finding that its prior order in December 2005 was res judicata on the issue. Dean's appeal of that ruling is now before us.

This opinion began its journey with then-Chief Justice Robert Davis participating in the decision and voting to affirm the imposition of personal liability upon Dean. The former Chief Justice did not have an opportunity to consider the current versions of the majority and dissenting opinions. Nevertheless, given that a majority of the court agrees with the current result, we deem it unnecessary to rehear the case with a substitute jurist. We will simply reflect that Chief Justice Davis dissents.

## RES JUDICATA

The district court's denial of Dean's current challenge to its jurisdiction was based upon the doctrine of res judicata. From the beginning, all members of this court have been unanimous in finding that the district court's reliance on res judicata was erroneous.

### Standard of Review

Whether the doctrine of res judicata applies in a certain situation is an issue of law over which appellate courts exercise de novo review. *Rhoten v. Dickson*, 290 Kan. 92, 106, 223 P.3d 786 (2010).

### Analysis

"Res judicata requires a prior final judgment on the merits." *State v. Flores*, 283 Kan. 380, 384, 153 P.3d 506 (2007). In 2005, the district court correctly opined that it did not have jurisdiction to decide the substantive issue presented because a district court loses jurisdiction over a case when an appeal is docketed. See *State v. McDaniel*, 255 Kan. 756, 761, 877 P.2d 961 (1994). Obviously, if the district court was jurisdictionally precluded from ruling on the merits of an issue, it could not have entered the prior final judgment on the merits that is a prerequisite to invoking the doc-

trine of res judicata. Accordingly, the district court erred in finding that the doctrine of res judicata governed.

## JURISDICTION

The dispositive question in this matter is whether the district court had the authority to adjudge Dean personally liable to KDOT for the amount of the appraisers' award paid out to Glacier that exceeded the compensation finally awarded on appeal. We find that it did not.

### Standard of Review

Whether a judgment is void for lack of jurisdiction is a question of law over which an appellate court's review is unlimited. *Harsch v. Miller*, 288 Kan. 280, 286, 200 P.3d 467 (2009).

### Analysis

The parties devote considerable effort arguing over whether Dean submitted to the personal jurisdiction of the district court after KDOT failed to personally name Dean as a defendant landowner in its appeal petition or to serve process on Dean in his personal capacity. However, we need not consider that debate because the absence of subject matter jurisdiction to adjudge Dean personally liable resolves this dispute.

Subject matter jurisdiction refers to the power of a court to hear and decide a particular type of action. *Wichita Eagle & Beacon Publishing Co. v. Simmons*, 274 Kan. 194, 205, 50 P.3d 66 (2002). Jurisdiction over subject matter is the power to decide the general question involved, and not the exercise of that power. *Babcock v. City of Kansas City*, 197 Kan. 610, 618, 419 P.2d 882 (1966). Moreover, subject matter jurisdiction is vested by statute, and parties cannot confer such jurisdiction upon a court by consent, waiver, or estoppel. *Kingsley v. Kansas Dept. of Revenue*, 288 Kan. 390, Syl. ¶ 1, 204 P.3d 562 (2009).

In *Miller v. Bartle*, 283 Kan. 108, 113-15, 150 P.3d 1282 (2007), this court had occasion to review the historical nature of an eminent domain action in this state, in conjunction with the statutory procedure for exercising eminent domain set forth in K.S.A. 26-501 *et seq*. *Bartle* noted that an eminent domain action is a special

statutory proceeding that does not provide a forum to litigate non-compensation issues, such as the necessity and extent of the taking. 283 Kan. at 114. Moreover, *Bartle* quite clearly stated that "[t]he plain language of K.S.A. 2005 Supp. 26-508 limits the district court's jurisdiction in appeals from eminent domain proceedings to the issue of compensation—that is, to a determination of the fair market value of the property in question, as defined in K.S.A. 25-513(e)." 283 Kan. at 115. Moreover, "[t]he procedure for exercising eminent domain, as set forth in K.S.A. 26-501 to 26-518 and K.S.A. 2008 Supp. 26-501a, and 56-501b, and amendments thereto, inclusive, shall be followed in all eminent domain proceedings." K.S.A. 2008 Supp. 26-501(a). Accordingly, the district court's authority in this case was limited to effecting the jury's determination of fair market value by ministerially applying the applicable statutory procedures.

Procedurally in this case, KDOT paid the amount of the appraisers' award to the clerk of the district court, as required by K.S.A. 2008 Supp. 26-507. Then Glacier exercised its right under K.S.A. 26-510(b), which provides: "The defendants may by order of the judge and without prejudice to their right of appeal withdraw the amount paid to the clerk of the court as their interests are determined by the appraisers' report." As required by the statute, the district judge below effected the K.S.A. 26-510(b) withdrawal through its Order of Distribution of Award, dated August 15, 2003. That order clearly did not make any provision for Dean individually, but rather it stated, in relevant part:

"NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that the said Clerk of the Court, Civil Department, for the District Court of Wyandotte County, Kansas be, and is hereby authorized and directed to pay the law firm of Polsinelli Shalton & Welte, P.C. in trust for Glacier Development Company, L.L.C. the sum of $600,000.00 and the balance of the appraisers' award, after payment of court-appointed appraisers' fees and customary court costs and/or fees, be paid to Glacier Development Company, L.L.C., which sum represents the full amount of the Appraisers' Award deposited in the Court for the Defendant by Plaintiff on August 13, 2003."

After the jury determined that the fair market value of the property was less than the appraisers' award, K.S.A. 26-511(a) provided

some guidance for the district court's subsequent ministerial duty. In relevant part, that provision states: "If the compensation finally awarded on appeal is less than the amount paid to the clerk of the court pursuant to K.S.A. 26-507, the judge shall enter judgment in favor of the plaintiff for the return of the difference, with interest."

Interestingly, the statute only speaks about the amount paid *to* the clerk under 26-507 rather than the amount *withdrawn* from the clerk under 26-510(b), and it is silent as to who or what entity is to be subjected to the plaintiff's judgment. Nevertheless, the provision does specifically state that the judgment in favor of the plaintiff shall be for the *return* of the difference. That language should be read in conjunction with K.S.A. 26-510(b). See *State v. Raschke,* 289 Kan. 911, 914, 219 P.3d 481 (2009) (appellate courts must consider various provisions of an act *in pari materia*). Together, the provisions would logically suggest that the plaintiff's judgment for the return of the money it paid into court is against the person or entity that withdrew the money pursuant to the judge's order. To construe the statutes otherwise would bring into play the determination of issues that are beyond the scope of the property's fair market value.

Here, the district court ordered that all the appraisers' award paid in by KDOT was to be distributed to Glacier or for the benefit of Glacier. When the final award turned out to be an amount less than the appraisers' award, K.S.A. 26-511(a) authorized the court to grant plaintiff a judgment against the distributee, Glacier, for the return of the difference, with interest. Dean, on the other hand, had not personally received any of the court-ordered distribution and, therefore, he had no "difference" to "return."

In order to adjudge Dean personally liable for the return of the money received by Glacier, the district court would have had to find some extraordinary reason to hold Dean personally responsible for the LLC debt. The general rule is to the contrary. K.S.A. 17-7688(a) provides:

"Except as otherwise provided by this act, the debts, obligations and liabilities of a limited liability company, whether arising in contract, tort or otherwise, shall be solely the debts, obligations and liabilities of the limited liability company, and no member or manager of a limited liability company shall be obligated personally

for any such debt, obligation or liability of the limited liability company solely by reason of being a member or acting as a manager of the limited liability company."

In *Bartle*, we reiterated that other issues, *i.e.*, issues other than the determination of the fair market value of the condemned property such as the plaintiff's right to exercise the power of eminent domain or the necessity of the particular taking, could only be litigated in a civil action that was separate and apart from the valuation appeal in the eminent domain proceedings. 283 Kan. at 116-17. Certainly, then, the issue of whether the plaintiff can pierce the corporate veil of an LLC to hold a member/manager personally liable for an excess payment to the LLC is one of those "other issues" that exceeds the jurisdictional scope of an eminent domain appeal. Accordingly, the district court lacked jurisdiction in the eminent domain appeal to adjudge Dean personally liable for the debt of Glacier. KDOT should have sought that relief in a separate civil action.

A judgment rendered without subject matter jurisdiction is simply void. A motion to set aside a void judgment may be made at any time, because the passage of time cannot cure the defect of a void judgment. See *Barkley v. Toland*, 7 Kan. App. 2d 625, 630, 646 P.2d 1124, *rev. denied* 231 Kan. 799 (1982). The district court should have granted Dean's motion for relief from the invalid personal judgment against him for the return of the excess appraisers' award. Accordingly, we reverse the district court and remand with directions to vacate the personal judgment against Dean.

Reversed and remanded with directions.

BILES, J., not participating.

DANIEL L. HEBERT, District Judge, assigned.

\* \* \*

ROSEN, J., dissenting: Because the majority opinion allows par-

ties to jump into and back out of litigation, depending on their satisfaction with the outcome, and because the majority opinion undermines the finality of judgments, I respectfully dissent.

The facts are straightforward. Lester Dean is the sole owner and manager of Glacier Development Co. Glacier purchased certain property in Kansas City, Kansas, in 1995 and 1996. In 2001, the Kansas Department of Transportation (KDOT) began making preparations for reconstruction of I-35, which included a large portion of the Glacier property. In 2003, KDOT filed an eminent domain petition in Wyandotte County, and the date of the taking was August 13, 2003. Court-appointed appraisers awarded Glacier $2.19 million for the fair market value of the property. Glacier filed an application to withdraw the full amount of the appraisers' award, which the district court granted, and checks were issued to Glacier, attorneys, and others. On August 29, 2003, KDOT appealed the appraisers' award to district court. On May 26, 2004, Reid F. Holbrook and Jarod G. Goff, counsel for Dean, filed an entry of appearance "on behalf of Defendants, Glacier Development Company, L.L.C. and Lester M. Dean, Jr." Subsequent filings by both parties identified Dean as a defendant. The June 9, 2005, pretrial order identified Dean as one of the landowners and was approved by counsel as "attorneys for landowners."

A jury ultimately determined that the fair market value of the property immediately prior to the taking was $800,000. On July 15, 2005, the district court filed a journal entry of judgment memorializing the jury verdict and naming Glacier and Dean jointly as defendants. On July 20, 2005, Glacier and Dean filed a notice of appeal from that June 23, 2005, judgment and docketed the appeal on August 10, 2005.

The July 20, 2005, notice of appeal was captioned "DEBRA L. MILLER, in her capacity as the Secretary of Transportation for the State of Kansas, Plaintiff, vs. GLACIER DEVELOPMENT COMPANY, L.L.C., and LESTER M. DEAN, JR., Defendants" and read in its entirety:

"Notice is hereby given that the defendants Glacier Development Company, L.L.C. and Lester M. Dean, Jr. appeal from the judgment announced by the

Court on June 23, 2005, and all previous rulings and orders on all issues relating to and decided therein, to the Court of Appeals of the State of Kansas."

The docketing statement was similarly captioned "DEBRA L. MILLER, in her capacity as the Secretary of Transportation for the State of Kansas, Plaintiff/Appellee, vs. GLACIER DEVELOPMENT COMPANY, L.L.C. and LESTER M. DEAN, JR., Defendants/Appellants." The statement of facts asserted in relevant part: "Prior to the date of taking, Glacier Development Company, LLC and Lester M. Dean, Jr. ('landowners') were owners of two tracts of real property located along I-35 in Wyandotte County, Kansas . . . ." The statement was submitted under the names of Reid F. Holbrook, Judd L. Herbster, and Joy D. Hays, "attorneys for defendants/appellants." This court affirmed the judgment in an opinion filed July 13, 2007. *Miller v. Glacier Development Co.*, 284 Kan. 476, 161 P.3d 730 (2007).

On October 24, 2005, after the appeal was docketed and while the appeal was still pending, Glacier and Dean filed a motion in the district court for a nunc pro tunc order or for relief from judgment. The motion asserted that Dean did not own the subject property in his personal capacity, that he was not named as a party defendant, and that he was not served with process in his personal capacity. His motion requested that his name be removed from the judgment.

In an order filed December 5, 2005, the district court denied the motion, finding that the inclusion of Dean as a party defendant was not a clerical error or simple oversight under K.S.A. 60-260(a). Having determined that the asserted error was substantive and not clerical, the court held it did not have jurisdiction to alter the judgment because the appeal had already been docketed with the Clerk of the Appellate Courts. Dean did not perfect an appeal from this order. He also failed to raise the issue of the propriety of a judgment against him in the direct appeal docketed on August 10, 2005.

Shortly afterwards, Dean filed a motion in Jackson County, Missouri, asking that court to set aside and/or stay enforcement of a foreign judgment, repeating his assertion that he was not a party to the Kansas eminent domain proceeding. The district court ruled

against him, and the Missouri Court of Appeals affirmed the judgment. *Miller v. Dean*, 289 S.W.3d 620 (Mo. App. 2009). On June 5, 2008, Dean filed a motion for relief from judgment in Wyandotte County District Court, again asserting that he was not properly a party defendant in the eminent domain appeal. The district court denied the motion, finding that under the doctrine of res judicata the December 5, 2005, order barred further consideration of the issue. Dean thereupon filed a timely notice of appeal, which brings the present appeal to this court.

The majority concludes that the district court lacked subject matter jurisdiction in the eminent domain appeal to enter a judgment against Dean personally for the return of funds under K.S.A. 26-511 because he did not personally receive the proceeds of the original appraisers' award. This is not a question of subject matter jurisdiction.

The majority cites to *Miller v. Bartle*, 283 Kan. 108, 150 P.3d 1282 (2007), a case raising constitutional issues and challenging attorney fees in an eminent domain appeal, which appropriately found that an eminent domain action is a special statutory proceeding that does not provide a forum to litigate noncompensation issues, such as the necessity and extent of the taking. 283 Kan. at 114. The majority quotes from *Bartle* that "[t]he plain language of K.S.A. 2005 Supp. 26-508 limits the district court's jurisdiction in appeals from eminent domain proceedings to the issue of compensation—that is, to a determination of the fair market value of the property in question, as defined in K.S.A. 25-513(e)." 283 Kan. at 115.

In the present case, however, the district court clearly had the "authority to hear and decide" the eminent domain appeal, which was a determination of the fair market value of the property in question. See K.S.A. 2008 Supp. 26-508(a):

"If the plaintiff, or any defendant, is dissatisfied with the award of the appraisers, such party, within 30 days after the filing of the appraisers' report, may appeal from the award by filing a written notice of appeal with the clerk of the district court. The appeal shall be deemed perfected upon the filing of the notice of appeal. In the event any parties shall perfect an appeal, copies of such notice of appeal shall be mailed to all parties affected by such appeal, within three (3) days

after the date of the perfection thereof. An appeal by the plaintiff or any defendant shall bring the issue of damages to all interests in the tract before the court for trial *de novo*. The appeal shall be docketed as a new civil action, the docket fee of a new court action shall be collected and the appeal shall be tried as any other civil action. The only issue to be determined therein shall be the compensation required by K.S.A. 26-513, and amendments thereto."

The appeal is treated as a new civil action, and the voluntary appearance of a party in that new civil action precludes the party from later arguing that the court lacked the authority to impose judgment against that party. Although the statute requires proper service, this is a requirement of personal jurisdiction, which may be waived and which is not subject to collateral attack for an indefinite period of time.

The inclusion of Dean in the judgment did not materialize out of the blue. Dean was the sole owner of Glacier; Dean held himself out as the owner of the property in question; Dean testified at length about the value of the property, which he referred to as belonging to him; and Dean's counsel filed an entry of appearance on behalf of Dean, adding his name to the caption of the pleadings. Dean continued to appear as a party in pleadings filed by his counsel and in rulings by the courts. Most importantly, Dean was a proper party defendant in the district court appeal.

In *Dotson v. State Highway Commission*, 198 Kan. 671, 426 P.2d 138 (1967), we considered a situation similar to this one. We held that, although one of the landowners first entered his appearance in an appeal in district court from a condemnation action and was not named as a party in the original condemnation proceedings, he was bound by the judgment because he executed and filed a written entry of appearance, was represented by counsel during trial, and was named as a landowner in the evidence and instructions as well as in the jury's verdict.

"When the name of a person who claims an interest in the land condemned is first revealed after an appeal from the appraisers' award has been docketed, and it is agreed such person was one of the owners, he thereby becomes an interested and necessary party to the appeal action." 198 Kan. 671, Syl. ¶ 4.

The *Dotson* court held that filing of a written entry of appearance by counsel was equivalent to service of process under K.S.A. 60-

203, and the appellant had thereby submitted himself to the jurisdiction of the court. 198 Kan. at 676. In affirming the judgment, this court astutely noted that the contention that the appellant was not a party to the appeal action was "a mere afterthought because of the jury's verdict being substantially less than the [appraisers'] award." 198 Kan. at 677.

*Dotson* should govern and dispose of this appeal.

The majority also notes that in order to make Dean personally liable for the return of the money received by Glacier, the district court would have had to find some extraordinary reason to hold Dean personally responsible for the LLC debt. No such extraordinary undertaking is required here. Dean not only failed to raise a defense of corporate capacity, he affirmatively placed himself into the litigation and he personally challenged the amount of the award on appeal. By invoking the jurisdiction of both the district court and this court, he voluntarily stripped himself of the corporate veil that might otherwise have protected him. It is not the responsibility of opposing counsel or of this court to drape him in a cloak that he cast aside three judgments ago. See *Dardinger v. Anthem Blue Cross,* 98 Ohio St. 3d 77, 97, 781 N.E.2d 121 (2002) (parties, through their counsel, are responsible for shaping issues they select for resolution at trial; trial court and opposing counsel cannot reasonably be expected to anticipate existence of argument not raised to court, and opposing party should not bear loss caused by poor litigation by counsel for responsible party).

Furthermore, when a party fails to take an appeal from an appealable order, that order becomes the law of the case. *State v. Finical,* 254 Kan. 529, 532, 867 P.2d 322 (1994). Dean raised the issue of personal service and error in the entry of appearance in his original motion for relief under K.S.A. 60-260(b). Any arguments that he makes now he could have made at that time. He failed to appeal the December 5, 2005, judgment denying his motion for relief from judgment. He also failed to raise the issue of his personal liability in his direct appeal.

When a second trial or appeal is pursued in a case, the first decision is the settled law of the case on all questions addressed in the first appeal, and the courts will not reconsider such questions.

*State v. Morton*, 283 Kan. 464, 472, 153 P.3d 532 (2007). The law of the case doctrine promotes the finality and efficiency of the judicial process by protecting against the agitation of settled issues. *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 816, 108 S. Ct. 2166, 100 L. Ed. 2d 811 (1988).

If—as the majority concludes—prior, unappealed orders are not considered binding, one may contemplate unlimited future litigation in any number of cases in which losing parties argue that adverse judgments are void and that void judgments may be attacked at any time and by collateral means.

K.S.A. 26-517 requires that a district court shall, upon motion by any party involved in a disputed division of an appraisers' award or disputed amount of the final judgment, determine the final distribution of the award or amount of judgment. I would find that the district court had both personal and subject matter jurisdiction over Dean and that its judgments constitute the law of the case, and pursuant to such a finding, I would remand the case to the district court for a determination of the final distribution of the award or amount of judgment consistent with this opinion.

HEBERT, J., joins in the foregoing dissenting opinion.

DAVIS, C.J., dissents.