NOT DESIGNATED FOR PUBLICATION

No. 121,355

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JAMES GRUVER CONSTRUCTION, INC.,
*Appellant*,

v.

STEVE DUNNING and BRENDA DUNNING,
*Defendants*,

and

GREGORY CARTER,
*Appellee*.

MEMORANDUM OPINION

Appeal from Reno District Court; TRISH ROSE, judge. Opinion filed July 31, 2020. Affirmed.

*Thomas A. Dower*, of Gilliland Green, LLC, of Hutchinson, for appellant.

No appearance by appellee.

Before STANDRIDGE, P.J., HILL and ATCHESON, JJ.

PER CURIAM: Kansas law requires a judgment debtor in a contested garnishment proceeding to prove that the disputed funds are exempt from garnishment. In the garnishment trial here, the court held that James Gruver Construction, Inc. failed to prove the money in its checking account belonged to someone else. We affirm that ruling because once the funds were deposited in the company's checking account, they became the property of the company. It had dominion over the funds and the company could use

1

them as the company wished. The company offered no real proof that the money in its account belonged to someone else.

We reject Gruver Construction's collateral attack on a judgment in a garnishment action. Because the company raised this claim more than one year after the original judgment was entered against it, we hold it is barred by K.S.A. 2019 Supp. 60-260(c) from making it now. We affirm the district court's holding.

*An unpaid carpenter seeks payment for his work.*

The facts are not disputed. Gregory Carter, a carpenter, intervened in litigation between Gruver Construction, a general contracting company, and Steven and Brenda Dunning, clients who had hired Gruver Construction to build them a home in Hutchinson. Carter had worked on the Dunning house and had not been paid by Gruver Construction. In June 2016, Carter received a judgment against Gruver Construction for $14,953.60 with interest at 18 percent a year.

The company made no payments to Carter on the judgment. About two and a half years later, Carter garnished Gruver Construction's bank account. Gruver Construction objected. The court denied Gruver Construction's claim that the funds in the account were exempt from garnishment because they were being held "in trust" for a client, Mike Alger, who Gruver Construction was building a house for. Alger had paid the money to Gruver Construction so that it could pay invoices for subcontractors working on his new house. The court was not persuaded that these funds were held in trust for Alger. In the end, the court found Gruver Construction owed Carter $31,245.67 on the judgment with the accumulated interest and awarded that amount to Carter. Gruver Construction appeals.

On appeal, Gruver Construction makes two arguments:

- The district court erred when it found that the funds in First National Bank of Hutchinson were Gruver Construction's property, rather than a client's property, and therefore subject to garnishment; and
- even if the funds were properly garnished, the 18 percent annual interest rate that the court ordered is not allowed by statute, so the judgment is void.

The company asks us to remand the case so the district court can recalculate the amount owed to Carter using a 10 percent annual interest rate. Carter has not filed a brief with this court.

*A review of the law of garnishments is helpful.*

After a judgment creditor, such as Carter here, secures a judgment against the judgment debtor, like Gruver Construction, the creditor may begin garnishment proceedings to attach property owned by the debtor but held by a garnishee. See K.S.A. 2019 Supp. 60-731. Here, the funds were held by a financial institution—the First National Bank of Hutchinson. The statute states that the judgment creditor must have a good-faith belief that the party that receives the garnishment order "has, or will have" assets that belong to the judgment debtor. K.S.A. 2019 Supp. 60-733(g).

After the financial institution has been served with a garnishment order, the judgment creditor must notify the debtor that the debtor has a right to show that this property is exempt from garnishment. K.S.A. 2019 Supp. 60-735(a). To show that the property in the account is exempt, the judgment debtor can ask for a hearing under K.S.A. 2019 Supp. 60-735(b). At that hearing, the judgment debtor bears the burden of proof to show that any of those funds held by the garnishee are exempt from garnishment. K.S.A. 2019 Supp. 60-735(c).

The case that controls this issue is *LSF Franchise REO I v. Emporia Restaurants, Inc.*, 283 Kan. 13, 152 P.3d 34 (2007). In that case, the court reviewed a contested garnishment action where two bank accounts were attached. The court reversed our court's and the district court's holding that the funds were exempt from garnishment. In doing so, the court made several important observations.

First, one way a judgment debtor can prevent the attachment of any money is by showing that the funds do not belong to the judgment debtor. A judgment against the garnishee must be limited to the actual, and not apparent, property of the defendant in the possession or under the control of the garnishee at the time the garnishee summons is served upon him or her. Thus, the parties in a garnishment proceeding may offer evidence to show who owns the disputed property. *LSF Franchise*, 283 Kan. at 21-23.

And the name on a bank account does not necessarily decide the matter of ownership. The court held that "ownership by the judgment debtor of an account in a financial institution is not necessarily determined by the name put on the account." *LSF Franchise*, 283 Kan. 13, Syl. ¶ 6. That is because funds may belong to some other person, such as when they are held by a fiduciary. In that case, the funds in the account are exempt from garnishment. The *LSF Franchise* court held that it was the duty of the court to decide to whom, in equity, the deposit beneficially belonged. 283 Kan. at 22-23.

But the *LSF Franchise* court also pointed out that the judgment debtor had to provide proof that was not just an assertion. Testimony of the judgment debtor that funds in a financial institution are to be used for a specific purpose is not enough to establish the ownership of monies in a particular account. A judgment debtor seeking to show other ownership of disputed funds must provide more evidence that would show that such funds were assigned to another and thus not subject to garnishment. 283 Kan. 13, Syl.

4

¶ 7. In *LSF Franchise*, the judgment debtor testified that the funds in the account were being held to pay withholding taxes and thus did not belong to the debtor and were exempt from garnishment. The debtor offered no more evidence than that testimony.

That is similar to the argument made by Gruver Construction. Gruver Construction argued at the garnishment hearing that the funds in its bank account were being held in trust for a client so that Gruver Construction could pay invoices sent by subcontractors working on the client's new home. In support, it presented the court with a list of subcontractor invoices that included the identity of the subcontractor, the invoice number, and the invoice amount. There was no more evidence presented.

What Gruver Construction's argument ignores is the fact that once the money is deposited into its account, it becomes the company's property unless there is evidence of a trust or a fiduciary relationship. No evidence of a trust or a fiduciary relationship was presented to the court.

In *LSF Franchise*, the Supreme Court held that Polaris, the judgment debtor, had the burden of proof to show that the balances for the two accounts, although titled in its name, could not be garnished because they consisted of employee taxes. Account No. 50 was described as a "payroll account," but Polaris' president testified that the account consisted of both payroll taxes and employee wages. Account No. 49 was a "general operating account" that was also *sometimes* used to pay taxes. Polaris would, at the company's discretion, "sometimes" use either account to pay the taxing authorities. This does not support a finding that all (or most) money in both accounts only consisted of payroll taxes when the order of garnishment was served on Commerce. Rather, the record supports a contrary finding, as the money in both accounts was used by Polaris as Polaris determined. 283 Kan. at 27-28.

Without any proof of a specific agreement to the contrary, once the money was deposited in Gruver Construction's account, it could be used by Gruver Construction as it determined. The company could pick and choose which, if any, subcontractor to pay. Or the company could use the money elsewhere. Gruver Construction offered no other evidence than the assertion that was how the account was used. The district court was not convinced. Neither are we.

The trial court correctly held that the funds were subject to garnishment.

*We reject the judgment debtor's collateral attack on the judgment.*

In 2016, the district court entered judgment against Gruver Construction for $14,953.60 plus an annual interest rate of 18 percent. Gruver Construction now asks this court to set aside that judgment, saying the judgment is void because K.S.A. 2019 Supp. 16-201 only authorizes 10 percent annual interest under the circumstances of this case.

Whether a judgment is void is a question of law, so we review this question independently without deferring to the district court's decision. *In re Adoption of A.A.T.,* 287 Kan. 590, 598-99, 196 P.3d 1180 (2008).

There is a policy that legal proceedings that are final should remain final. But Kansas law permits some aggrieved parties' relief from prior judgments. But whether relief is granted depends on why the relief is being sought, the type of error, and the timing of the request for relief. All of this is set out in K.S.A. 2019 Supp. 60-260. The statute begins with minor mistakes and then progresses to more serious complaints.

> "a) *Corrections based on clerical mistakes; oversights and omissions.* The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order or other part of the record. The court may do so on

motion, or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.

"(b) *Grounds for relief from a final judgment, order or proceeding.* On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order or proceeding for the following reasons:

(1) Mistake, inadvertence, surprise or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under subsection (b) of K.S.A. 60-259, and amendments thereto;

(3) fraud, whether previously called intrinsic or extrinsic, misrepresentation or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

"(c) *Timing and effect of the motion.* (1) *Timing.* A motion under subsection (b) must be made within a reasonable time, and for reasons under paragraphs (b)(1), (2) and (3) no more than one year after the entry of the judgment or order, or the date of the proceeding." K.S.A. 2019 Supp. 60-260.

To apply this statute to the facts here, we must first understand the difference between a void judgment and an erroneous judgment. A judgment is not void just because it is erroneous; for the judgment to be void the court must have either lacked jurisdiction or violated a party's due process rights. *In re Adoption of A.A.T.*, 287 Kan. at 598-99; *Automatic Feeder Co. v. Tobey*, 221 Kan. 17, 21, 558 P.2d 101 (1976). A court may set aside a void judgment at any time because the passage of time cannot cure the defect of the judgment. *Miller v. Glacier Development Co.*, 293 Kan. 665, 672, 270 P.3d 1065 (2011). So even though the district court granted judgment to Carter in 2016, we may set aside that order if the judgment was, in fact, void.

But there is no claim here that the court had no jurisdiction to enter this judgment. And there is no claim of a due process violation. Simply put, Carter received a money judgment for unpaid work, the judgment was unsatisfied, and garnishment proceedings attached Gruver Construction's funds in its checking account. Gruver Construction focuses only on the interest rate set by the court on the unpaid judgment. Gruver Construction has failed to convince us that this was a void judgment.

On the other hand, we are persuaded that this is a claim about an erroneous judgment. K.S.A. 2019 Supp. 60-260(b)(1) lists a "mistake" as a ground for relief from a final judgment. An error in the interest rate, as claimed by Gruver Construction, is such a mistake. The company has raised no other statutory factors for relief such as fraud or newly discovered evidence.

But that does not mean that Gruver Construction is entitled to relief here. Because K.S.A. 2019 Supp. 60-260(c) requires a claim of mistake in a judgment to be made within one year of the judgment, Gruver Construction is out of time to ask for this relief. After all, this garnishment proceeding started about two and a half years after Carter was granted judgment. The time to correct this mistake was within one year after judgment was first entered in Carter's favor against Gruver Construction.

The district court's ruling is correct.

Affirmed.