NOT DESIGNATED FOR PUBLICATION

No. 122,367

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

BRUCE SCHULZ,
*Appellee*,

v.

MARK BLUMER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Labette District Court; FRED W. JOHNSON JR., judge. Opinion filed January 29, 2021. Reversed and remanded with directions.

*W.J. Fitzpatrick*, of Fitzpatrick & Bass, of Independence, for appellant.

No brief filed by appellee.

Before GARDNER, P.J., SCHROEDER, J., and WALKER, S.J.

PER CURIAM: Mark Blumer appeals the denial of his motion to vacate the default judgment entered against him. In 2017, Bruce Schulz obtained a default judgment against Blumer for damages to a tractor; in 2019, Schulz filed a motion to reopen the evidence, alleging he found additional damage to his tractor. Blumer responded by filing a motion to dismiss Schulz' motion and a motion to vacate the default judgment. The district court denied Schulz' motion to reopen the evidence and also found the default judgment was void but refused to set aside the judgment because Blumer's motion was not filed within a reasonable time. Because a void judgment can be set aside at any time under K.S.A. 2019 Supp. 60-260(b)(4), we find the district court erred in refusing to set aside the judgment.

1

We reverse and remand with directions for the district court to proceed as though the default judgment had not been entered.

FACTS

On July 18, 2017, Schulz filed a petition in Labette County District Court against Blumer, alleging Blumer drove Schulz' tractor on May 9, 2016, without permission and then agreed to pay $6,000 for damages to the equipment. The petition stated repairs and damages were estimated to exceed $20,000. Schulz demanded judgment against Blumer in excess of $20,000 and for attorney fees, costs, and any other relief deemed just and equitable. Schulz filed an amended petition with the only change reflecting Schultz verified the petition. Blumer was personally served with a summons on July 28, 2017, with the petition and amended petition attached.

Blumer filed no response to the petition. On September 5, 2017, the district court filed a journal entry granting default judgment in favor of Schulz and against Blumer for $9,200 for repairs and $15,000 for damages to Schulz' tractor. Additionally, the district court granted Schulz $1,015 for filing, service, and attorney fees. Total judgment was $25,215. The record on appeal reflects the judgment was satisfied through garnishments.

In January 2019, Schulz filed a motion to reopen the evidence in this case. Schulz alleged he discovered additional damages to the tractor with repairs costing $17,528.41 and requested an additional judgment against Blumer for $17,528.41. Blumer, through his attorney, filed a motion to dismiss Schulz' motion to reopen the judgment. Blumer argued the motion should be denied under res judicata because Schulz was attempting to relitigate claims already decided by the district court. A few days later, Blumer's attorney filed a second motion under K.S.A. 60-255(b) to vacate and set aside the default judgment and order of restitution. In his motion, Blumer requested a refund of all

2

amounts paid under the default judgment. Blumer argued the original default judgment was voidable because Schulz failed to comply with the notice requirement of Kansas Supreme Court Rule 118(d) (2020 Kan. S. Ct. R. 191). Blumer also claimed Schulz secured the default judgment through fraud by falsely alleging Blumer caused damage to the tractor.

The district court held a hearing on the various motions. At the conclusion of the hearing, the district court denied Schulz' motion to reopen the evidence and denied Blumer's motion to vacate the default judgment and grant restitution.

In its memorandum decision, the district court explained it denied Schulz' motion to reopen the evidence because it found res judicata barred the claim. The district court then addressed Blumer's motion to vacate default judgment and grant restitution. The district court found Schulz was required to comply with Kansas Supreme Court Rule 118(d) and did not do so in obtaining the default judgment. The district court ruled the failure to comply with Rule 118(d) rendered the default judgment voidable, and, because Blumer challenged the judgment, the district court declared the default judgment void. But the district court found Blumer's motion to vacate the default judgment was not filed within a reasonable time as required by K.S.A. 2019 Supp. 60-260(c) and denied that motion. The district court also denied Blumer's motion to reconsider. On appeal, Schultz did not file a brief.

ANALYSIS

Blumer raises three arguments on appeal: (1) The district court erred when it did not set aside the default judgment against him after declaring it void; (2) the district court abused its discretion when it did not rule on Blumer's claim that the default judgment was obtained by fraud; and (3) the district court erred when it did not set aside the attorney fees ordered in conjunction with the default judgment.

3

THE DISTRICT COURT WAS REQUIRED TO SET ASIDE A VOID JUDGMENT.

Blumer notes the district court held the default judgment was void for Schulz' failure to provide notice as required under Kansas Supreme Court Rule 118(d). Blumer argues the district court was wrong not to set aside the judgment because it found Blumer did not seek relief from the judgment within a reasonable time. Blumer asserts a party may seek relief from a void judgment at any time.

*Standard of Review*

Appellate courts generally apply abuse of discretion review to district court decisions under K.S.A. 2019 Supp. 60-260(b). But, when a judgment is attacked as void under K.S.A. 2019 Supp. 60-260(b)(4), the standard of review is different. A judgment is void, and a nullity, if a court lacked jurisdiction to render it or acted inconsistent with due process. When such an allegation is made, a district court has no discretion to exercise; a judgment is either valid or void as a matter of law. Thus, an appellate court applies a de novo standard of review once a district court makes the necessary factual findings. *In re Adoption of A.A.T.*, 287 Kan. 590, 598-99, 196 P.3d 1180 (2008).

*Analysis*

Relying on *Winner v. Flory*, 11 Kan. App. 2d 263, 265-66, 719 P.2d 20 (1986), the district court ruled Schulz' failure to comply with the notice requirements in Kansas Supreme Court Rule 118(d) rendered the default judgment voidable. Kansas Supreme Court Rule 118(d) requires a party seeking a default judgment to notify the party against whom relief is sought at least 14 days before the judgment is sought, as well as notify the party "of the amount of money for which judgment that will be taken." Kansas Supreme Court Rule 118(d) (2020 Kan. S. Ct. R. 191). Because Blumer challenged the judgment as being void under K.S.A. 2019 Supp. 60-260(b)(4), the district court declared the

4

judgment void but denied his request to vacate the judgment, finding Blumer failed to challenge the judgment within a reasonable time under K.S.A. 2019 Supp. 60-260(c).

K.S.A. 2019 Supp. 60-260(b) lists several reasons a court may relieve a party from a final judgment, including when the judgment is void. K.S.A. 2019 Supp. 60-260(b)(4). A motion under K.S.A. 2019 Supp. 60-260(b) must be made within a reasonable time. While some motions must be filed within one year after the judgment was entered, the one-year restriction does not apply to relief from a void judgment. K.S.A. 2019 Supp. 60-260(c)(1).

"A motion to set aside a void judgment may be made at any time, because the passage of time cannot cure the defect of a void judgment." *Miller v. Glacier Development Co., L.L.C.*, 293 Kan. 665, 672, 270 P.3d 1065 (2011). Courts have no discretion when a judgment is attacked under K.S.A. 2019 Supp. 60-260(b)(4) because "[e]ither a judgment is valid or it is void, and the court must act accordingly once the issue is resolved." *Bethany Medical Center v. Niyazi*, 18 Kan. App. 2d 80, 81-82, 847 P.2d 1341 (1993). When a judgment is found to be void, the district court must set aside the judgment. See *Coastal Credit v. McNair*, 57 Kan. App. 2d 31, 43, 446 P.3d 495 (2019).

In *Barkley v. Toland*, 7 Kan. App. 2d 625, 646 P.2d 1124 (1982), the defendant moved to set aside a default judgment. The district court found the purported service of the petition was ineffective and, therefore, the judgment was void but refused to set aside the judgment because the motion to set aside the judgment was not made within a reasonable time. The *Barkley* panel held a motion to set aside a void judgment under K.S.A. 2019 Supp. 60-260(b)(4) may be made at any time, "since the passage of time cannot cure the defect in the judgment." 7 Kan. App. 2d at 630. The panel further found the district court erred in refusing to set aside the judgment because the motion was not

filed in a reasonable time and reversed with directions for the district court to set aside the default judgment. 7 Kan. App. 2d at 630.

*Barkley* is persuasive. Blumer argued—and the district court found—the default judgment was void because Schulz did not comply with Kansas Supreme Court Rule 118(d). And, like the district court in *Barkley*, the district court refused to set aside the judgment because Blumer did not file his motion for relief from the judgment within a reasonable time. However, Blumer could challenge the default judgment as void at any time. See *Miller*, 293 Kan. at 672. The district court erred when it refused to set aside the void judgment because it found Blumer did not file his motion within a reasonable time. After finding the default judgment was void, the district court was required by law to set aside the entire default judgment.

We also note there is no statutory authority or caselaw supporting the granting of attorney fees in a case involving damages for an unliquidated amount. See *Snider v. American Family Mut. Ins. Co.*, 297 Kan. 157, 162, 298 P.3d 1120 (2013) (court's authority to grant attorney fees is question of law subject to unlimited review; court may not award attorney fees absent statutory authority or agreement by parties). The district court also erred in awarding Schultz attorney fees and costs.

We reverse the district court's order and remand with instructions for the district court to set aside the default judgment, including the judgment for attorney fees and costs. The case shall proceed as though the default judgment had never been entered.

Reversed and remanded with directions.

6