NOT DESIGNATED FOR PUBLICATION

No. 113,451

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee,*

v.

ARNOLDO OLIVAS,
*Appellant*.


MEMORANDUM OPINION


Appeal from Sedgwick District Court; JOHN J. KISNER, JR., judge. Opinion filed April 8, 2016. Sentence vacated and case remanded with directions.


*Carol Longenecker Schmidt*, of Kansas Appellate Defender Office, for appellant.


*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before SCHROEDER, P.J., HILL and GARDNER, JJ.


*Per Curiam*:  Arnoldo Olivas appeals the district court's denial of his motion to correct an illegal sentence. Specifically, Olivas argues the district court erred by engaging in judicial factfinding to determine his criminal history score in violation of *United States v. Descamps*, 570 U.S. ___, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013), *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), and *State v. Dickey*, 301 Kan. 1018, 350 P.3d 1054 (2015). The State responds the district court properly denied Olivas' motion to correct an illegal sentence because the doctrine of res judicata bars Olivas' claim and the holding in *Dickey* should not be applied retroactively. For the

1

reasons stated herein, we reject the State's claims. Olivas' sentence is vacated, and his case is remanded for resentencing.

FACTUAL AND PROCEDURAL BACKGROUND

On March 6, 2003, Olivas was convicted following a bench trial of one count of rape, a severity level 1 person felony. Based on a criminal history score of D, Olivas was sentenced to 240 months' imprisonment. Olivas' criminal history was based upon five prior convictions, one of which was a person felony described in the presentence investigation as "Burglary (Dwelling)." Olivas did not object to his criminal history classification.

Following sentencing, Olivas appealed the denial of his posttrial motion to vacate the judgment of his rape conviction due to ineffective assistance of counsel. This court denied Olivas' claim for relief, and the Kansas Supreme Court denied his petition for review. *State v. Olivas*, No. 91,516, 2005 WL 217166 (Kan. App. 2005) (unpublished opinion), *rev. denied* 279 Kan. 1009 (2005).

On June 6, 2014, Olivas filed a pro se motion to correct an illegal sentence arguing that based on the Kansas Supreme Court's holding in *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014), *modified by Supreme Court order* September 19, 2014, *overruled by State v. Keel*, 302 Kan. 560, 357 P.3d 251 (2015), *cert. denied* 136 S. Ct. 865 (2016), his 1992 Kansas burglary conviction should have been classified as a nonperson offense. Olivas asked the district court to vacate his illegal sentence and resentence him to a term authorized by law. A second and third motion to correct an illegal sentence were filed by the public defender's office on September 23, 2014, and October 23, 2014, respectively.

Olivas argued that his 1992 Kansas burglary conviction should have been classified as a nonperson offense based on this court's decision in *Dickey,* 301 Kan. 1018,

2

Syl. ¶ 8. Olivas alleged this would have resulted in his criminal history score being G instead of D.

The district court summarily denied all three motions on December 8, 2014, finding: (1) the Court of Appeals' *Dickey* opinion conflicted with other Court of Appeals opinions; (2) the Court of Appeals' *Dickey* opinion was pending in the Kansas Supreme Court on petition for review and, therefore, not final; (3) the *Murdock* decision only applied to pre-1993 out-of-state offenses; (4) the *Murdock* and *Dickey* opinions did not apply retroactively; (5) because Olivas had failed to object to his criminal history at sentencing, he was barred from later challenging it; (6) because Olivas had not challenged his criminal history on direct appeal, he was barred from subsequently challenging it; and (7) under *Murdock* and *Dickey*, Olivas' criminal history score would not be altered. Olivas filed a timely notice of appeal.

ANALYSIS

On appeal, Olivas has abandoned his motion to correct an illegal sentence based on our Supreme Court's holding in *Murdock*, presumably because *Murdock* has been overruled by *Keel*. 302 Kan. 560, Syl. ¶ 9. Thus, we will proceed to answer Olivas' remaining claim under *Dickey* that his sentence is illegal.

K.S.A. 22-3504(1) provides: "The court may correct an illegal sentence at any time." Whether a sentence is illegal is a question of law over which an appellate court has unlimited review. *State v. Moncla*, 301 Kan. 549, 551, 343 P.3d 1161 (2015).

> "'[A]n "illegal sentence" under K.S.A. 22-3504 [is]: (1) a sentence imposed by a court without jurisdiction; (2) a sentence that does not conform to the applicable statutory provision, either in character or the term of authorized punishment; or (3) a sentence that is ambiguous with respect to the time and manner in which it is to be served.' [Citations omitted.]" 301 Kan. at 551.

3

Olivas contends that *Dickey* is dispositive with regard to his 1992 Kansas burglary conviction. Another panel of this court recently addressed a nearly identical case in *State v. Martin*, 52 Kan. App. 2d. ___, 2016 WL 852130, at *3-4 (No. 113,189, filed March 4, 2016), and we replicate it, in part, here:

"In *Dickey,* the defendant pled guilty to felony theft and his PSI report listed a 1992 juvenile adjudication for burglary, scored as a person felony. At sentencing, the defendant did not object to his criminal history score as reflected in the PSI report. The district court sentenced the defendant to a prison term, and he appealed.

"On appeal, the defendant challenged the classification of his 1992 burglary adjudication as a person felony for criminal history purposes, arguing it violated his Sixth Amendment rights as enunciated by the United States Supreme Court in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), and *Descamps v. United States*, 570 U.S. ___, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013). In *Apprendi*, the Court held: 'Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.' 530 U.S. at 490. In *Descamps*, the Court determined that *Apprendi* is implicated when a district court enhances a defendant's sentence based on a finding that goes beyond the existence of a prior conviction or the statutory elements that comprised the prior conviction. *Descamps*, 133 S. Ct. at 2288–89.

"Our Supreme Court in *Dickey* determined that the defendant in that case was not barred from challenging the classification of his burglary adjudication as a person felony merely because he had stipulated to his criminal history score at sentencing. 301 Kan. at 1032. Specifically, our Supreme Court stated:

'[A] defendant's stipulation or failure to object at sentencing will prevent the defendant from later challenging the existence of the convictions listed in his or her criminal history. But a stipulation or lack of an objection regarding how those convictions should be classified or counted as a matter of law for the purpose of determining the defendant's criminal history score will not prevent a subsequent challenge under K.S.A. 22-3504(1) of his or her prior convictions. [Citation omitted.]' 301 Kan. at 1032.

"Applying *Apprendi* and *Descamps,* the *Dickey* court determined the burglary statute in effect when the defendant committed his prior burglary did not require evidence

4

showing that the burglarized structure was a dwelling. 301 Kan. at 1039. The court explained that because the burglary statute did not contain a dwelling element, determination of whether the defendant's burglary involved a dwelling 'would necessarily involve judicial factfinding that goes beyond merely finding the existence of a prior conviction or the statutory elements constituting that prior conviction.' 301 Kan. at 1021. The *Dickey* court concluded that 'classifying [the defendant's] prior burglary adjudication as a person felony violates his constitutional rights as described under *Descamps* and *Apprendi.' Dickey,* 301 Kan. at 1021."

Based on *Dickey*, Olivas is not barred from challenging the classification of his 1992 Kansas burglary conviction as a person felony merely because he stipulated to his criminal history score at sentencing. Similar to *Dickey*, the statute under which Olivas was convicted of burglary in 1992 did not include a dwelling element. At that time, burglary was defined as follows:

"Burglary is knowingly and without authority entering into or remaining within any: (1) Building, mobile home tent or other structure, with intent to commit a felony or theft therein; or (2) motor vehicle, aircraft, watercraft, railroad car or other means of conveyance of persons or property, with intent to commit a felony or theft therein." K.S.A. 1992 Supp. 21-3715.

Because the burglary statute in effect at the time Olivas committed the burglary for which he was convicted did not contain a dwelling element, the district court's person classification necessarily required judicial factfinding. Accordingly, the classification of Olivas' 1992 burglary conviction as a person felony violates his constitutional rights as described in *Descamps* and *Apprendi* and as applied by the Kansas Supreme Court in *Dickey*.

*Is a claim under* Dickey *to correct an illegal sentence timely when the defendant's sentence is final?*

The State does not dispute the contention that if Olivas was being sentenced today, his 1992 Kansas conviction for burglary would be scored as nonperson offense under the holding in *Dickey*. Instead, the State argues Olivas is procedurally barred from bringing his claim by the doctrine of res judicata. Specifically, the State argues Olivas could have challenged the classification of his burglary conviction as a person felony on direct appeal and thus, by failing to do so, he has waived the issue. Additionally, the State argues that even if this issue was not barred by res judicata, the holding in *Dickey* should not be retroactively applied because Olivas' case was final before *Dickey* was decided. The central issue in this appeal is whether a claim under *Dickey* may be brought in a motion to correct an illegal sentence when the time for direct appeal has passed and the defendant's sentence is final.

Whether the doctrine of res judicata applies in a certain case is an issue of law over which appellate courts exercise de novo review. *In re Tax Appeal of Fleet*, 293 Kan. 768, 777, 272 P.3d 583 (2012); *Miller v. Glacier Development Co.*, 293 Kan. 665, 668, 270 P.3d 1065 (2011).

> "The doctrine of res judicata provides that 'where an appeal is taken from the sentence imposed and/or a conviction, the judgment of the reviewing court is res judicata as to all issues actually raised, and those issues that could have been presented, but were not presented, are deemed waived.' [*State v. ]Neer*, 247 Kan. [137,] 140-41[, 795 P.2d 362 (1990)]; see *State v. Martin*, 294 Kan. 638, 641, 279 P.3d 704 (2012) (res judicata consists of four elements: '"[1] same claim; [2] same parties; [3] claims were or could have been raised; and [4] a final judgment on the merits"'). The essence of the doctrine of res judicata is that issues 'once finally determined . . . cannot afterwards be litigated.' *Jayhawk Equipment Co. v. Mentzer*, 191 Kan. 57, 61, 379 P.2d 342 (1963)." *State v. Kingsley*, 299 Kan. 896, 901, 326 P.3d 1083 (2014).

The State argues Olivas could have raised his current challenge to his sentence in a direct appeal and, by failing to do so, he has waived it. In contrast, Olivas argues that, while generally under Kansas law, if a defendant fails to raise all available issues on direct appeal, he waives those issues; however, his failure to object to his criminal history score at sentencing or raise this issue on direct appeal does not bar him from now challenging the legal application of his criminal history. The general waiver rule is inapplicable for motions to correct an illegal sentence where the issue presented has not been previously litigated. This issue was recently decided by this court in *Martin*:

"The doctrine of res judicata or waiver does not apply to bar a claim when that claim, if true, would render a sentence illegal and the claim has not been previously addressed on its merits."

"Applying the doctrine of res judicata to bar challenges of an illegal sentence merely because they could have been brought in a direct appeal would undermine the clear statutory directive in K.S.A. 22-3504(1) that courts may correct an illegal sentence at any time." *Martin*, 52 Kan. App. 2d ___, Syl. ¶¶ 4, 5.

Olivas' claim is true. His 1992 burglary was incorrectly characterized as a person felony, and this issue has not been previously addressed on the merits. Olivas' claim is not barred by the doctrine of res judicata.

Next, the State argues the holding in *Dickey* should not be retroactively applied to cases like Olivas' that became final prior to our Supreme Court's opinion in *Dickey*. The State points out that *Dickey* involved a challenge to criminal history *on direct appeal*. Olivas, however, brought his claim in a motion to correct an illegal sentence filed after his sentence had become final. This issue was also recently decided by this court in *Martin*:

"'Generally, when an appellate court decision changes the law, that change acts prospectively and applies only to all cases, state or federal, that are pending on direct review or not yet final on the date of the appellate court decision.' *State v. Mitchell*, 297

7

Kan. 118, Syl. ¶ 3, 298 P.3d 349 (2013). The general rule prohibiting retroactive application of an appellate court decision stems from our Supreme Court's adoption of the United States Supreme Court's rules that in only two instances should new constitutional rules be applied retroactively to cases on collateral review. As explained by our Supreme Court in *Drach v. Bruce*, 281 Kan. 1058, 1072, 136 P.3d 390 (2006), *cert. denied* 549 U.S. 1278 (2007):

> """Under *Teague v. Lane*, 489 U.S. 288, 109 S. Ct. 1060, 103 L. Ed. 2d 334 (1989), a new rule of constitutional criminal procedure is not applied retroactively on collateral review unless (1) it places certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to prosecute, or (2) it is a watershed rule requiring the observance of those procedures that are implicit in the concept of ordered liberty." [Citation omitted.]'
>
> . . . .
>
> "Generally, a defendant may not file a motion to correct an illegal sentence based on constitutional challenges to his or her sentence. See *Moncla*, 301 Kan. at 553-54 ('"Because the definition of an illegal sentence does not include a claim that the sentence violates a constitutional provision, a defendant may not file a motion to correct an illegal sentence based on constitutional challenges."'). But when a constitutional challenge results in the determination that the defendant's criminal history score is incorrect, the resulting sentence does not conform to the statutory provision in the term of the punishment authorized and, consequently, is an illegal sentence. *Neal*, 292 Kan. at 631. Under K.S.A. 22-3504(1), Kansas courts have jurisdiction to correct an illegal sentence at any time. See *State v. Kelly*, 298 Kan. 965, Syl. ¶ 5, 318 P.3d 987 (2014).
>
> "Based on *Neal*, retroactivity analysis is not applicable when it is determined by a court that a constitutional error affects the defendant's criminal history score resulting in an illegal sentence. Stated differently, the general rule prohibiting retroactive application of an appellate court decision is superseded by the legislative directive in K.S.A. 22-3504(1) that the court may correct an illegal sentence at any time." *Martin*, 2016 WL 854130, at *6-7.

Olivas is not procedurally barred from challenging the legality of his sentence under *Dickey*.

In summary, based on the holding in *Dickey*, the district court erred at Olivas' sentencing by classifying his 1992 Kansas burglary conviction as a person felony for criminal history purposes. For the reasons stated, Olivas may bring his claim for relief under *Dickey* in a motion to correct an illegal sentence even after his sentence became final. Accordingly, we vacate Olivas' sentence and remand for resentencing with directions to classify his 1992 Kansas burglary conviction as a nonperson felony for criminal history purposes.

Sentence vacated and case remanded with directions.