NOT DESIGNATED FOR PUBLICATION

No. 114,372

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ROCKEY D. RASH,
*Appellant*.

MEMORANDUM OPINION

Appeal from Atchison District Court; ROBERT J. BEDNAR, judge. Opinion filed April 7, 2017. Affirmed.

*Rockey Dean Rash*, appellant pro se.

*Gerald R. Kuckelman,* county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before PIERRON, P.J., HILL, J., and WALKER, S.J.

*Per Curiam*:  Rockey D. Rash was charged with aggravated criminal sodomy, aggravated indecent liberties with a minor, and attempted aggravated criminal sodomy in an amended complaint file stamped on October 1, 2004. He pled no contest to the charges in the amended complaint on September 30, 2004, when the complaint was received by the district court. On appeal, Rash argues:  (1) the court lacked subject matter jurisdiction because he was not charged with the amended complaint; (2) the court erred by denying his motions to set aside a void judgment; and (3) there was an ongoing due process violation of his right to a speedy trial. Rash's argument on the first two issues fail because the court had subject matter jurisdiction when the first complaint was filed, and the court

1

maintained that jurisdiction when it received the copy of the amended complaint on September 30, 2004. His last argument also fails because the plea to the charges was entered well within the time period for speedy trial. The district court is affirmed.

Rash was charged with one count of aggravated indecent liberties with a child, a level 3 person felony, on September 13, 2004. On September 30, 2004, an amended complaint was subscribed and sworn charging Rash with one count of aggravated sodomy, a level 2 person felony; one count of aggravated indecent liberties with a child, a level 3 person felony; and one count of attempted aggravated sodomy, a level 4 person felony. This amended complaint was file stamped on October 1, 2004.

Rash completed a defendant's acknowledgement of rights and entry of plea on September 27, 2004. In this form, he acknowledged the charges that were in the original complaint and in the amended complaint. He waived his right to a preliminary hearing and stated he would enter a no contest plea to Count I aggravated criminal sodomy, Count II aggravated indecent liberties with a minor, and Count III attempted aggravated criminal sodomy. In return, the prosecution agreed not to file a motion for a dispositional or durational departure. He acknowledged the sentences that could be imposed. He waived his right to a jury trial and recognized the rights a jury trial would entail. Rash signed the form in the presence of counsel and agreed that he had read the entire document.

On September 30, 2004, the district court held a plea hearing in this matter. The court inquired of Rash and was satisfied he was aware of his rights. The court also found that the plea was voluntarily made on the advice of counsel "with full knowledge of the consequences and that there is a factual basis for the said plea." The court accepted the plea.

2

Rash was sentenced on November 4, 2004. He was sentenced to 123 months for the aggravated sodomy charge, which was to run consecutive to the 61 months imposed for the aggravated indecent liberties charge and consecutive to the 43 months on the attempted aggravated sodomy charge. He was further sentenced to 60 months of postrelease supervision.

Rash filed a motion to withdraw his plea on September 7, 2007. In his motion, he argued the district court failed to inquire into a conflict between Rash and his attorney, the court failed to provide substitute counsel which violated his Sixth Amendment right to effective assistance of counsel, and his plea was not knowingly or voluntarily made. On August 7, 2008, the court held a hearing on the motion. The district court denied the motion on August 11, 2008. The court found that it had inquired of Rash about his understanding of the charges and the consequences of his plea. The court also asked Rash about his relationship with his attorney, and Rash indicated he had gone over the plea with his attorney. Further, Rash stated he had enough time to go over the case with his attorney, and he acknowledged he was satisfied with his representation.

Rash filed a motion to set aside a void judgment on October 1, 2014. In his motion, Rash alleged the district court lacked subject matter jurisdiction. He also claimed the court entered a judgment of guilty against him to charges that had not been filed at the time of the plea, which made it a void judgment. Further, he stated he was not aware of an amended complaint and was not given notice. The motion was heard on January 16, 2015. The court denied the motion at the hearing.

On January 29, 2015, Rash filed a motion to alter or amend judgment and an objection under Kansas Supreme Court Rule 165(a) (2017 Kan. S. Ct. R. 214). In his motion to alter or amend, Rash argued the ruling on his motion to set aside a void judgment was erroneous. On February 10, 2015, the district court denied Rash's motion to alter or amend, and stated Rash did not present any evidence that would demonstrate

3

the ruling on his motion to set aside a void judgment was a manifest injustice. In his objection to Kansas Supreme Court Rule 165(a), Rash argued the district court did not make sufficient findings of fact and conclusions of law on the record at the hearing on the motion to set aside a void judgement. The district court denied Rash's objection on February 10, 2015, and stated it had complied with Kansas Supreme Court Rule 165(a).

Rash timely appealed to this court on February 20, 2015. On appeal, Rash argues: (1) the district court lacked subject matter jurisdiction because he was not charged with the amended complaint; (2) the court erred by denying his motions to set aside a void judgment; and (3) there was an ongoing due process violation of his right to a speedy trial.

Prior to 2016 in the Kansas Supreme Court's decision in *State v. Dunn*, 304 Kan. 773, 375 P.3d 332 (2016), the question of whether a criminal complaint was defective raised a question of subject matter jurisdiction; whether a charging document conferred subject matter jurisdiction is a question of law over which an appellate court has unlimited review. *State v. Rivera*, 48 Kan. App. 2d 417, 451, 291 P.3d 512 (2012). However, the appellate courts reviewed the adequacy of the charging document using different standards based upon whether the issue was raised before the trial court or for the first time on appeal. *Cf. State v. Hurd*, 298 Kan. 555, 565, 316 P.3d 696 (2013) (if the complaint omits an essential element it deprives the court of subject matter jurisdiction to convict the defendant); *State v. Portillo*, 294 Kan. 242, 254-55, 274 P.3d 640 (2012) (when raised for the first time on appeal, the claimed defect must have [a] prejudiced the defendant in preparation of his or her defense; [b] impaired defendant's ability to plead the conviction in a subsequent prosecution; or [c] limited the defendant's constitutional right to a fair trial.)

In *Dunn*, the Supreme Court reversed precedent and found that deficiencies in an indictment, complaint, or information did not remove subject matter jurisdiction over

4

criminal cases in the district or appellate courts. 304 Kan. at 810-811. Instead, subject matter jurisdiction is created in the courts by the Kansas Constitution. 304 Kan. at 811.

Defects in charging documents are subject to the general rule that issues may not be raised for the first time on appeal unless an exception applies. 304 Kan. at 818. Thus, the defendant must establish that the (1) newly asserted claim involves only a question of law arising on proven or admitted facts, which is determinative of the case; or (2) consideration of the claim is necessary to serve the ends of justice or prevent the denial of fundamental rights.

There are three types of charging-document defects recognized in *State v. Dunn*, 304 Kan. 773, 819, 375 P.3d 332 (2016). None of these defects prevents or destroys the existence of subject matter jurisdiction over criminal cases in district or appellate courts. 304 Kan. at 818-19. Because each of the defects involve the interpretation of statutes, constitutional provisions, and/or written instruments, the standard of review for such challenges raised on appeal is de novo. 304 Kan. at 819.

The first charging document defect recognized in *Dunn* is when the document does not show that the Kansas Constitution's requirement of the charging being filed in the correct court and territory has been satisfied. The second is that the charging document does not allege facts that, if proven beyond a reasonable doubt, show the commission of a Kansas crime as required by state statutes. The third is that the charging document does not meet the constitutional standards of providing the defendant due process and adequate notice of the charges. The first defect creates a state constitutional error, the second a state statutory error, and the third a violation of federal and state constitutional rights. 304 Kan. at 815.

After recognizing the three types of charging errors, the *Dunn* court provided some "general observations" about remedies for these errors, noting it could not "foresee

5

every situation that may arise in a future case." 304 Kan. at 816. Because of state statutes permitting the amendment of charging documents, defects of the first type—failure to allege territorial concerns—is most likely to be amenable to remedy or cure by amendment before the verdict under K.S.A. 22-3201(e) since it would not charge a new crime or impair a defendant's substantial rights. 304 Kan. at 816. Errors of the second type—failing to allege facts that describe a Kansas crime—both impairs the invocation of jurisdiction and risks constitutional due process and notice issues, and requires earlier correction unless the issue is not preserved for review. 304 Kan. at 816. The third type of error—involving constitutional due process and notice issues—likewise should be remedied as early as possible. However, the constitutional harmless error standard could still be applied to federal constitutional violations and a "similarly stringent" test would apply to state constitutional violations. 304 Kan. at 817.

K.S.A. 2004 Supp. 60-205(e) states "the judge may permit the papers to be filed with the judge." Further, *Tobin Constr. Co. v. Kemp*, 239 Kan. 430, 436-37, 721 P.2d 278 (1986), stated that under K.S.A. 60-205(e), filing is complete when the judge personally accepts custody of the papers. In *State v. Williams*, 259 Kan. 432, 433, 913 P.2d 587 (1996), the judge did not mark the date and time on the document, and it was not file stamped until 4 days after the hearing. The *Williams* court held that the filing was complete upon receipt of the document by the judge. 259 Kan. at 444. In addition, a district court has subject matter jurisdiction over a defendant when the original complaint is signed, and such jurisdiction does not vanish upon the filing of an amended complaint. *State v. Jacques*, 270 Kan. 173, 192, 14 P.3d 409 (2000).

Here, Rash claims the third defect for a complaint is applicable:  the charging document does not meet the constitutional standards of providing the defendant due process and adequate notice of the charges and, therefore, the district court lacked subject matter jurisdiction. *Dunn*, 304 Kan. at 815. He claims that because no amended

6

complaint was on file, the district court lacked subject matter jurisdiction over the added charges in the amended complaint.

Rash completed and signed a defendant's acknowledgement of rights and entry of plea on September 27, 2004, 3 days before the plea hearing. In the form, he acknowledged the charges that were in both the original and amended complaints. Further, he stated he would enter a no contest plea to Count I, aggravated criminal sodomy; Count II, aggravated indecent liberties with a minor; and Count III, attempted aggravated criminal sodomy. From the record, it is clear that Rash had adequate notice of the charges, and the charging document met the constitutional standards of providing him due process. See *Dunn*, 304 Kan. at 815. Then, on September 30, 2004, the district court held a plea hearing, and Rash made a voluntary plea to the charges. The court even inquired of Rash if he understood the charges against him. Rash replied that he did.

The record of the plea hearing indicates the State had filed an amended complaint. However, the amended complaint was file stamped on October 1, 2004. It is not known why the file stamp did not appear on the amended complaint until October 1, 2004, but it is clear there was an amended complaint at the plea hearing on September 30, 2004. It is also clear the district court had access to this amended complaint, as it read the charges to Rash. Because the court had possession of the charging document on September 30, 2004, the filing was complete regardless of the date it was officially file stamped. See *Williams*, 259 Kan. at 444.

The third defect for a complaint from *Dunn* is not applicable to the facts of this case because the complaint met the constitutional standards of providing due process and Rash had adequate notice of the charges against him. In addition, filing of the complaint was complete at the plea hearing when the district court was in possession of the document. Because there was no defect in the complaint and it was filed on September

7

30, 2004, the date of the plea hearing, the district court had subject matter jurisdiction. The district court should be affirmed.

In his brief, Rash claims an abuse of discretion standard of review applies to cases involving void judgments (p. 4-5). Rash is incorrect. The correct standard of review is de novo.

*In re Marriage of Martin*, No. 109,700, 2014 WL 113472, at *3 (2014):

"When a judgment is attacked as void under K.S.A. 2012 Supp. 60-260(b)(4), an appellate court must apply a de novo review once the district court has made the necessary findings of fact. This is because a judgment is either valid or void as a matter of law and a district court has no discretion to exercise in such a case. 'A judgment is void and therefore a nullity if a court lacked jurisdiction to render it or acted in a manner inconsistent with due process.' *In re Adoption of A.A.T.*, 287 Kan. 590, 598, 196 P.3d 1180 (2008), *cert. denied* 556 U.S. 1184 (2009). As such, a void judgment may be vacated at any time. *In re Marriage of Hampshire*, 261 Kan. 854, 862, 934 P.2d 58 (1997)."

*Bethany Medical Center v. Niyazi*, 18 Kan. App. 2d 80, 82, 847 P.2d 1341 (1993):

"As a general rule, a ruling on a motion for relief from a final judgment filed pursuant to K.S.A. 60-260(b) rests within the sound discretion of the trial court and will not be reversed absent a showing of abuse of discretion. [Citation omitted.] In this case, however, Niyazi attacked the default judgment as being void. There is no question of discretion on the part of a court when a judgment is attacked under K.S.A. 60-260(b)(4). Either a judgment is valid or it is void, and the court must act accordingly once the issue is resolved. *Barkley v. Toland*, 7 Kan. App. 2d 625, 630, 646 P.2d 1124, *rev. denied* 231 Kan. 799 (1982)."

8

A void judgment occurs when the district court lacks subject matter jurisdiction or acts in a manner inconsistent with due process. *Bethany Medical Center v. Niyazi*, 18 Kan. App. 2d 80, 82, 847 P.2d 1341 (1993). Here, Rash contends the court lacked subject matter jurisdiction. An objection based on subject matter jurisdiction may be raised at any time. *State v. Sales*, 290 Kan. 130, 135, 224 P.3d 546 (2010).

As discussed in the first issue, the district court had subject matter jurisdiction because Rash's argument that he was denied due process and adequate notice fails. The amended complaint was filed when the court came in possession of the document, which occurred at the September 30, 2004, plea hearing. In addition, Rash was not denied due process because the amended complaint clearly stated the charges against Rash, and Rash even completed a form acknowledging the charges and that he understood them.

After a hearing on the motion to set aside a void judgment on January 16, 2015, the district court denied the motion. The court found it had gone through the elements of the offenses and his trial rights with Rash. In addition, the court believed the plea was knowingly entered to the charges as amended.

The evidence demonstrates the district court had subject matter jurisdiction, and therefore the court was correct when it denied Rash's motion to set aside a void judgment. The district court is affirmed.

Finally, Rash contends his speedy trial rights were violated.

The issue of whether the State violated a criminal defendant's statutory right to a speedy trial is a question of law subject to de novo review. *State v. Brownlee*, 302 Kan. 491, 506, 354 P.3d 525 (2015).

9

K.S.A. 2004 Supp. 22-3402(1) provides that any person charged with a crime and held in custody shall be discharged unless he or she is brought to trial within 90 days after the arraignment, unless the delay is the fault of the defendant. Rash argues that because the amended complaint was file stamped on October 1, 2004, he has not entered into a plea agreement. He also argues he has not been presented before the district court for a first appearance and that there has never been a continuance filed. Further, he states there is no proof that he waived any rights under the 5th, 6th, or 14th Amendments of the United States Constitution after the amended complaint was filed on October 1, 2004. Therefore, he argues his speedy trial rights have been violated.

The State argues that because Rash raises the issue of speedy trial for the first time on appeal, we should not hear the issue. Constitutional grounds for reversal asserted for the first time on appeal are not properly before the appellate court for review. *State v. Godfrey*, 301 Kan. 1041, 1043, 350 P.3d 1068 (2015). There are several exceptions to the general rule that a new legal theory may not be asserted for the first time on appeal, including the following:  (1) the newly asserted theory involves only a question of law arising on proven or admitted facts and is finally determinative of the case; (2) consideration of the theory is necessary to serve the ends of justice or to prevent denial of fundamental rights; and (3) the judgment of the trial court may be upheld on appeal despite its reliance on the wrong ground or having assigned a wrong reason for its correct decision. *State v. Phillips*, 299 Kan. 479, 493, 325 P.3d 1095 (2014)

Supreme Court Rule 6.02(a)(5) (2017 Kan. S. Ct. R. 35) requires an appellant to explain why an issue that was not raised below should be considered for the first time on appeal. In *State v. Williams*, 298 Kan. 1075, 1085, 319 P.3d 528 (2014), the Supreme Court held that litigants who fail to comply with this rule risk a ruling that the issue is improperly briefed and will be deemed waived or abandoned. Thereafter, the Supreme Court held that Rule 6.02(a)(5) would be strictly enforced. *State v. Godfrey*, 301 Kan. 1041, 1044, 350 P.3d 1068 (2015).

Rash does not explain why his speedy trial argument was not raised below and why it should be considered for the first time on appeal. Because he did not comply with Supreme Court Rule 6.02(a)(5), under *Godfrey* the issue is waived or abandoned. 301 Kan. at 1044.

Even if this issue was properly before us, the argument is without merit. Charges against Rash were filed on September 13, 2004. On September 30, 2004, an amended complaint was filed with the district court. As analyzed above, this is a proper method to file a complaint. Also on September 30, 2004, Rash plead guilty to the charges in the amended complaint. The plea was entered 17 days after the original charges were filed, which was clearly within the 90-day time requirement under the 2004 statute. K.S.A. 2004 Supp. 22-3402(1).

Affirmed.