NOT DESIGNATED FOR PUBLICATION

No. 116,985

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CoreFirst Bank and Trust,
*Appellee*,

v.

John T. Tuckness,
*Appellant*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; Teresa L. Watson, judge. Opinion filed February 2, 2018. Affirmed.

*John T. Tuckness*, appellant pro se.

*R. Patrick Riordan*, *Erin A. Beckerman*, and *Andrew S. Mayo*, of Riordan, Fincher, Sinclair & Beckerman, PA, of Topeka, for appellee.

Before Green, P.J., Malone and Atcheson, JJ.

Per Curiam:  CoreFirst Bank and Trust sued John T. Tuckness for breach of his credit card contract. Eventually, the trial court granted CoreFirst's motion for summary judgment. Tuckness appeals the trial court's ruling, alleging several errors. Nevertheless, as explained below, none of his allegations of error have merit. Therefore, we affirm the trial court's summary judgment ruling.

1

On October 31, 2014, CoreFirst filed a petition against Tuckness alleging that Tuckness had breached his credit card contract. In its petition, CoreFirst asserted that it was entitled to Tuckness' unpaid credit card balance totaling $8,062.57, plus interest and fees. This case was assigned Shawnee County case No. 14 LM 14250.

Tuckness responded that CoreFirst's suit was barred under the doctrine of collateral estoppel and res judicata because the trial court denied one of CoreFirst's motions in a different lawsuit—Shawnee County case No. 14 LM 4198—brought by CoreFirst against him. Based upon this argument, Tuckness requested that CoreFirst's suit be dismissed.

Shawnee County case No. 14 LM 4198 concerned Tuckness' overdrawn checking account at CoreFirst. The specific motion that the trial court denied in 14 LM 4198 was a permissive joinder motion in which CoreFirst sought to amend its petition alleging that Tuckness overdrew his checking account to additionally allege that he had breached his credit card contract. The trial court denied that motion because it found that CoreFirst "fail[ed] to state [under] which grounds the Court should grant [the] motion to amend" and "fail[ed] to state any reason why [the] amendment would be just" as required by K.S.A. 2016 Supp. 60-218 and K.S.A. 61-2903(c). Moreover, this court ultimately affirmed the trial court's order in 14 LM 4198, requiring that Tuckness repay CoreFirst the amount he had overdrawn from his checking account plus fees. See *CoreFirst Bank and Trust v. Tuckness*, No. 113,984, 2016 WL 1399095 (Kan. App. 2016) (unpublished opinion).

CoreFirst responded that the trial court must deny Tuckness' motion to dismiss based upon the doctrines of collateral estoppel and res judicata in this case—14 LM 14250—because neither doctrine had been triggered by the trial court's denial of its motion to amend in 14 LM 4198. The trial court agreed that it must deny Tuckness' motion to dismiss in 14 LM 14250 because its denial of CoreFirst's motion to amend in

14 LM 4198 did not create a final judgment on the merits as to CoreFirst's breach of credit card contract claim in 14 LM 14250.

Tuckness then appealed the trial court's denial of his motion to dismiss to this court, filing an interlocutory appeal. This court dismissed Tuckness' appeal for lack of jurisdiction because the trial court's ruling did not determine CoreFirst's action against him as required under K.S.A. 61-3901.

Nearly 11 months after this court dismissed Tuckness' interlocutory appeal, CoreFirst moved for summary judgment. In its motion, CoreFirst stated that the following were uncontroverted facts: (1) that it and Tuckness had an agreement where it would extend Tuckness a line of credit, and "Tuckness agreed to repay to [it] all amounts advanced, plus interests and fees"; (2) that it sent Tuckness monthly statements; (3) that Tuckness failed to make the minimum monthly payments as required; (4) that it sent Tuckness a notice of his right to cure default on November 28, 2011; and (5) that Tuckness owed it $8,062.57, plus interest and fees. CoreFirst argued that it was entitled to summary judgment because there was no material dispute as to any element of its breach of contract claim. In support of its motion, CoreFirst attached the following: (1) the sworn affidavit of its vice-president, in which the vice-president verified the preceding information listed in its uncontroverted facts was true; (2) the credit card statements it sent to Tuckness from September 2010 to September 2012, which showed that Tuckness made his final minimum payment in June 2012; and (3) the notice of right to cure default it sent to Tuckness.

Tuckness responded that the trial court should dismiss CoreFirst's case "for exceeding the statutes of time limitations as per District Court Rule (D.C.R.) 3.213(6)." D.C.R. 3.213(6) states that cases on file for 6 months "for which service has not been had or on which judgment has not been taken . . . shall be dismissed 90 days thereafter unless service has been obtained or judgment taken, as the case may be." Tuckness seemingly

argued that because CoreFirst's case against him had been pending more than 90 days before CoreFirst moved for summary judgment, its summary judgment motion and its cause of action were time barred. Because his motion to dismiss in this case—14 LM 14250—relied on information from case No. 14 LM 4198, Tuckness attached an order removing CoreFirst's case against him in 14 LM 4198 from the dismissal docket. Further, Tuckness insinuated that the trial judges who were involved with his cases and CoreFirst's attorneys were engaging in ex parte communications and fraud.

After this response, Tuckness filed another motion to dismiss. In this motion, Tuckness argued that the trial court should deny CoreFirst's motion for summary judgment because the statute of limitations to bring a contract claim under K.S.A. 60-512 had passed and because CoreFirst's motion was based upon "doctored" evidence. Concerning the documents CoreFirst submitted to support its motion, Tuckness asserted that the documents were "doctored" because his "credit card number [was] blacked out." Tuckness also asserted that CoreFirst's records were "doctored" because a different credit card number appeared in the memo section of a July 2009 cancelled check.

CoreFirst responded that Tuckness had "misconstrue[d] D.C.R. 3.213(6) as imposing an affirmative deadline on [it]." It further responded that the statute of limitations for its claim against Tuckness had not run when it filed its petition because the three-year statute of limitations to bring its claim restarted when Tuckness made his minimum payment in June 2012. CoreFirst argued that this meant that their October 31, 2014, petition was timely filed. CoreFirst next argued that it did not "doctor" any evidence but instead merely redacted all but the last four digits of Tuckness' account number in compliance with Kansas Supreme Court Rule 123 (2018 Kan. S. Ct. R. 198). It further asserted that "the existence of a second account . . . [did] not negate the amounts owed under the account in question, as shown by the uncontroverted account statements." CoreFirst then alleged that because Tuckness' arguments were baseless, his request for sanctions was baseless as well.

4

The trial court ultimately rejected Tuckness' arguments and also granted CoreFirst's motion for summary judgment. First, the trial court addressed Tuckness' various arguments. Regarding Tuckness' statute of limitations arguments, the trial court found that D.C.R. 3.213(6) does not create a statute of limitations and that CoreFirst's petition was timely filed under K.S.A. 60-512's three-year statute of limitations given that Tuckness made his final minimum payment to CoreFirst in June 2012. Regarding Tuckness' assertions that CoreFirst had supported its summary judgment motion with "doctored" evidence because his credit card number had been redacted, the trial court found that Tuckness failed to explain how this argument was "material to the issues on summary judgment."

Next, the trial court addressed the fact that Tuckness had not filed a response to CoreFirst's summary judgment motion in which he stated whether each of CoreFirst's factual contentions were controverted or uncontroverted as required by Supreme Court Rule 141(b)(1) (2018 Kan. S. Ct. R. 205). Citing caselaw, the trial court found that Tuckness' failure to comply with Rule 141(b)(1) resulted in those facts being uncontroverted. Then, the court found that those uncontroverted facts supported granting CoreFirst's summary judgment motion, explaining:

> "CoreFirst has established each element necessary to prevail on its claim. Tuckness opened a credit card account with CoreFirst. Pursuant to the parties' agreement, CoreFirst agreed to extend credit to Tuckness and Tuckness agreed to repay to CoreFirst all amounts advanced, plus interest and fees. Tuckness made charges to the account. He was billed for the charges. Tuckness failed to make the minimum required monthly payments. CoreFirst made demand for payment, sent Tuckness a notice of right to cure, and Tuckness failed to pay."

Accordingly, the trial court entered summary judgment in favor of CoreFirst, ordering that Tuckness pay CoreFirst $8,062.57, plus interest and fees.

5

*Did the Trial Court Err by Granting Summary Judgment?*

As he did below, Tuckness argues that the trial court should not have granted CoreFirst's motion for summary judgment. Although sometimes difficult to follow, it seems that Tuckness has raised four distinct arguments on appeal.

First, Tuckness argues that the trial court erred when it failed to dismiss CoreFirst's petition based upon collateral estoppel and res judicata for the same reasons he argued below. That is, Tuckness argues that when the trial court denied CoreFirst's motion to amend its petition in 14 LM 4198 to include a breach of credit card contract claim, it was forever precluded from bringing that claim. CoreFirst contends that Tuckness' argument is incorrect because the trial court's denial of its motion to amend was not based upon the merits of its breach of credit card contract claim.

Whether the doctrines of collateral estoppel and res judicata apply are questions of law over which this court has de novo review. *Venters v. Sellers*, 293 Kan. 87, 93, 261 P.3d 538 (2011); and *Miller v. Glacier Development Co.*, 293 Kan. 665, 668, 270 P.3d 1065 (2011). Both collateral estoppel and res judicata require that the trial court make a judgment on the merits of the claim currently being raised. See *In re Tax Appeal of Fleet*, 293 Kan. 768, 778, 272 P.3d 583 (2012); and *Venters*, 293 Kan. at 98. Here, the trial court clearly stated that it was denying CoreFirst's motion to amend in 14 LM 4198 because its motion failed to comply with the statutory grounds to amend. Because the denial of CoreFirst's motion to amend in 14 LM 4198 was not a final judgment on the merits of CoreFirst's breach of credit card contract claim, Tuckness' argument that CoreFirst was barred by collateral estoppel and res judicata from bringing its claim in this case—14 LM 14250—is plainly incorrect.

6

Second, Tuckness seemingly argues that the trial court erred when it failed to dismiss CoreFirst's petition because it violated D.C.R. 3.213(6) and K.S.A. 60-512. Thus, his argument involves interpreting statutes and court rules. Interpretation of statutes and court rules are questions of law over which this court has unlimited review. See *Neighbor v. Westar Energy, Inc.,* 301 Kan. 916, 918, 349 P.3d 469 (2015); and *Rinehart v. Morton Building, Inc.*, 297 Kan. 926, 942, 305 P.3d 622 (2013). Nevertheless, in his brief, Tuckness never explains how CoreFirst violated D.C.R. 3.213(6) or K.S.A. 60-512. It is a well-known rule of this court that an issue not briefed by the appellant or raised only incidentally by the appellant is deemed abandoned. See *Friedman v. Kansas State Bd. of Healing Arts*, 296 Kan. 636, 645, 294 P.3d 287 (2013). Very clearly, by not providing any explanation or calculous on how CoreFirst violated these rules, Tuckness has abandoned his arguments.

Yet, even if Tuckness had not abandoned his arguments, as CoreFirst notes in its brief and the trial court noted below, D.C.R. 3.213(6) is merely a procedural rule on case management. More importantly, Tuckness is complaining about a perceived violation of D.C.R. 3.213(6) stemming from an order the trial court filed removing CoreFirst's case from the dismissal docket in 14 LM 4198, not in this case. In a nutshell, Tuckness' complaints about perceived wrongdoings that occurred in 14 LM 4198 should have been raised in his direct appeal in that case. This court lacks jurisdiction to consider arguments that should have been raised in a prior appeal. See K.S.A. 60-2101, et seq. Regarding K.S.A. 60-512's three-year statute of limitations, because K.S.A. 60-250(a) provides that partial payment restarts the three-year statute of limitations, the statute of limitations in this case restarted when Tuckness made his final minimum payment toward his credit card debt in June 2012. Thus, CoreFirst's October 31, 2014 petition, which alleged a breach of credit card contract, was timely filed because it had until June 2015 to file its petition.

Third, Tuckness seemingly argues that CoreFirst's petition should have been dismissed because the judges who presided over his cases treated him unfairly. Tuckness states that the trial court helped CoreFirst's attorneys on different occasions; concerning unfair treatment in 14 LM 4198, he specifically points to the trial court stating it would reconsider CoreFirst's attorney's motion to amend if she rewrote the motion and when it removed the case from the dismissal list. Tuckness perceives this as an abuse of power. He also alleges that the trial court's actions constituted violations of the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution as well as 18 U.S.C. § 241 (2012)—conspiracy against right and 18 U.S.C. § 371 (2012)—conspiracy to commit fraud against the United States.

Yet, the alleged abuses of judicial power that Tuckness references occurred in 14 LM 4198. As already addressed, this court lacks jurisdiction to consider Tuckness' complaints about the alleged abuses of judicial power in 14 LM 4198. This court further lacks jurisdiction to the extent Tuckness is arguing this court should find the trial court in violation of the federal criminal laws. Moreover, to the extent this court has jurisdiction, i.e., to the extent Tuckness is challenging the trial court's actions in this case, nothing in the record on appeal shows that the trial court treated Tuckness unfairly. Indeed, the trial court even granted Tuckness' motion for an extension of time to respond to CoreFirst's summary judgment motion, even after Tuckness had already filed one response to CoreFirst's summary judgment motion.

Fourth, Tuckness argues that the trial court erred by basing its summary judgment ruling on CoreFirst's "doctored" evidence. Tuckness' argument appears to have two parts: (1) that the trial court relied on exhibits CoreFirst admitted in which CoreFirst had redacted all but the last four digits of his account number; and (2) that the trial court did not place enough emphasis on the fact another credit card number appeared in the memo section of one of his July 2009 cancelled checks. As to this last argument, it seems that

8

Tuckness believes the existence of another credit card number in the memo section of this cancelled check is evidence that CoreFirst was altering exhibits.

Summary judgment is appropriate when there is no material dispute of fact. *Armstrong v. Bromley Quarry & Asphalt, Inc.*, 305 Kan. 16, 24, 378 P.3d 1090 (2016). Thus, to successfully oppose a motion for summary judgment, a party must come forward with evidence establishing that a material fact is in dispute. 305 Kan. at 24. Appellate courts review the trial court's findings regarding disputed material facts using the following standard: If "reasonable minds could differ as to the conclusions drawn from the evidence, summary judgment must be denied." 305 Kan. at 24. Nevertheless, when no material facts are in dispute, and the parties' arguments turn on questions of law, appellate courts exercise de novo review. *Martin v. Naik*, 297 Kan. 241, 246, 300 P.3d 625 (2013).

Here, Tuckness' arguments are meritless. CoreFirst's exhibits were in no way unreliable simply because CoreFirst redacted all but the last four digits of Tuckness' account number. Indeed, by doing this, CoreFirst was complying with Supreme Court Rule 123(b)(3) (2018 Kan. S. Ct. R. 198), which states: "If a financial account number is relevant, only the last four digits of the number should be used." His argument about another credit card number being in the memo section of a cancelled check constituting evidence of CoreFirst "doctoring" evidence is illogical. Furthermore, it is conclusory, and conclusory contentions do not warrant this court's consideration on appeal. See *RAMA Operating Co. v. Barker*, 47 Kan. App. 2d 1020, 1036, 286 P.3d 1138 (2012).

As a result, Tuckness' only argument challenging the facts the trial court relied upon to make its summary judgment ruling does not undermine that ruling. Further, it is important to emphasize that Tuckness has never denied that he had a credit card contract with CoreFirst or that he placed the charges on his credit card, resulting in his debt.

To establish breach of a contract there must be "(1) the existence of a contract between the parties; (2) sufficient consideration to support the contract; (3) the plaintiff's performance or willingness to perform in compliance with the contract; (4) the defendant's breach of the contract; and (5) damages to the plaintiff caused by the breach." *Stechschulte v. Jennings*, 297 Kan. 2, 23, 298 P.3d 1083 (2013). Simply put, in this case, none of those facts are in dispute because (1) Tuckness never timely controverted CoreFirst's statement of uncontroverted facts and (2) the uncontroverted facts were supported by CoreFirst's exhibits. Consequently, the trial court did not err when it granted summary judgment in favor of CoreFirst on its breach of credit card contract claim. As a result, we affirm the trial court's summary judgment ruling.

Affirmed.