NOT DESIGNATED FOR PUBLICATION

No. 128,320

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

DALE M.L. DENNEY,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; STEPHEN J. TERNES, judge. Submitted without oral argument. Opinion filed March 13, 2026. Affirmed.

*Wendie C. Miller*, of Kechi, for appellant.

*Robin L. Sommer*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.


Before ARNOLD-BURGER, P.J., BRUNS and SCHROEDER, JJ.


PER CURIAM: Dale M.L. Denney appeals the district court's summary denial of his most recent K.S.A. 60-1507 motion. Based on our review of the record on appeal, we find no grounds that rise to the level of manifest injustice to extend the statutory time period for filing of the K.S.A. 60-1507 motion nor do we find that Denney has shown exceptional circumstances to justify the filing of his successive K.S.A. 60-1507 motion. Thus, we affirm the district court's summary denial of Denney's most recent K.S.A. 60-1507 motion.

1

FACTS

In 1993, a jury convicted Denney of two counts of aggravated criminal sodomy, two counts of aggravated sexual battery, two counts of aggravated weapons violations, and one count of aggravated battery in two separate criminal cases consolidated for trial. Denney was sentenced to a term of 36 years to life in one case and a consecutive term of 228 months in the second case. After he was sentenced, Denney filed a direct appeal, and the Kansas Supreme Court affirmed his convictions. *State v. Denney*, 258 Kan. 437, 441, 448, 905 P.2d 657 (1995).

After Denney's direct appeal, he filed his first K.S.A. 60-1507 motion in 1996. The district court rejected his claims, and a panel of this court affirmed. See *Denney v. State*, No. 82,220, 2000 WL 36745715, at *3 (Kan. App. 2000) (unpublished opinion). Since that time, Denney has filed numerous postconviction motions and related appeals. See, e.g., *State v. Denney*, No. 128,401, 2026 WL 119994 (Kan. 2026) (motion to correct illegal sentence); *Denney v. Zmuda*, No. 128,536, 2025 WL 2427759 (Kan. App. 2025) (unpublished opinion) (K.S.A. 60-1501 petition); *Denney v. State*, No. 126,784, 2024 WL 3738410 (Kan. App. 2024) (unpublished opinion) (K.S.A. 60-1507 motion); *State v. Denney*, No. 125,436, 2024 WL 1231154 (Kan. App. 2024) (unpublished opinion) (motion for DNA testing); *State v. Denney*, No. 105,681, 2012 WL 402012 (Kan. App. 2012) (unpublished opinion) (motion to correct illegal sentence).

In a K.S.A. 60-1507 motion filed in 2018, Denney asserted the same claims that he is asserting in the motion that is the subject of this appeal. In that case, Denney argued, in part, that the district court erred:  (1) in ordering a psychiatric evaluation without holding a hearing to determine whether Denney was competent to stand trial; and (2) in failing to orally instruct the jury at the close of his case. After the district court denied the 2018 motion, Denney filed a notice of appeal, but it was never docketed. See *Denney v. State*, No. 124,883, 2023 WL 3402876, at *1 (Kan. App. 2023) (unpublished opinion).

Denney then filed a "Motion for Finding of Statutory Ineffective Assistance of Counsel"—which this court construed as a 60-1507 motion—claiming that his 2018 60-1507 counsel was ineffective. The district court appointed an attorney to represent Denney, and the new attorney reargued Denney's claims relating to competency and failing to orally instruct the jury. The district court once again denied relief, and a panel of this court affirmed, finding that Denney did not explain why he could not have raised the claims in a prior motion. *State v. Denney*, No. 122,105, 2021 WL 3701164, at *4 (Kan. App. 2021) (unpublished opinion). In addition, the panel found that Denney's claims relating to competency and jury instructions were conclusory and lacked evidentiary support. 2021 WL 3701164, at *5-6.

In November 2021, Denney filed another K.S.A. 60-1507 motion in which he claimed—among other things—that K.S.A. 60-1507 is unconstitutional; he could not be convicted without a competency hearing; the record did not show that the district court orally instructed the jury; and that the district court lacked jurisdiction over his criminal cases because his convictions are void. Once again, the district court found the claims were untimely and successive. *Denney*, 2023 WL 3402876, at *2.

Subsequently, a panel of this court affirmed the district court's decision that the issues were untimely and successive and that Denney had failed to show manifest injustice or exceptional circumstances allowing the consideration of the issues. 2023 WL 3402876, at *3, 4. In addition, the panel specifically held:

> "Instead of explaining why he could not have raised his claims within the statutory time frame or explaining why some manifest injustice would result absent their consideration, Denney asserts that these claimed errors render his convictions void, thus depriving the courts of jurisdiction—an issue that can be raised at any time. See, e.g., *Miller v. Glacier Development Co.*, 293 Kan. 665, 672, 270 P.3d 1065 (2011) ('[T]he passage of time cannot cure the defect of a void judgment.'). Thus, he argues, the one-

year time limit does not apply because his convictions are void. The fourth claim in Denney's motion raises this jurisdiction argument as a freestanding claim.

"We question Denney's assertions that these matters may deprive the court of jurisdiction. See, e.g., *State v. Ford*, 302 Kan. 455, Syl. ¶ 4, 353 P.3d 1143 (2015) (failure to comply with K.S.A. 22-3302's requirements for competency hearings does not deprive the court of jurisdiction). But even so, framing these issues as jurisdictional does not circumvent K.S.A. 60-1507's procedural requirements. 'On a basic level, before a party may argue the merits of a jurisdictional claim, there must be a procedural mechanism for presenting the question to the court.' *Loggins v. State*, No. 116,716, 2019 WL 4126472, at *3 (Kan. App. 2019) (unpublished opinion) (citing *State v. Trotter*, 296 Kan. 898, 905, 295 P.3d 1039 [2013]), *rev. denied* 312 Kan. 892 (2020). A party must still comply with the procedural requirements for that mechanism—even when bringing a jurisdictional challenge. See *Loggins*, 2019 WL 4126472, at *3." 2023 WL 3402876, at *3.

On March 6, 2024, Denney filed yet another K.S.A. 60-1507 motion, which is the subject of this appeal. He also filed four addendums and supplements to his motion. The district court summarily denied Denney's motion as untimely and successive. The court further determined that Denney failed to establish manifest injustice or exceptional circumstances to justify the untimely and successive motion. Afterward, Denney filed a motion to reconsider, which the district court also denied.

ANALYSIS

On appeal, Denney recognizes that he has several procedural hurdles to overcome to be entitled to an evidentiary hearing on his most recent K.S.A. 60-1507 motion. He acknowledges that his motion was untimely filed and that it is successive in nature. Even so, he argues that manifest injustice justifies his filing of the motion about 28 years after the expiration of the statutory deadline. He also claims that exceptional circumstances warrant consideration of successive claims previously raised in his motions and appeals.

4

Finally, he again asserts that the district court lacked jurisdiction to convict him, which he claims is an issue that can be raised at any time.

*Summary Denial of K.S.A. 60-1507 Motion*

Because the district court summarily denied relief on Denney's motion, our review is de novo. As a result, we must determine whether the motion, files, and records of the case conclusively establish that Denney is not entitled to relief. See *State v. Roberts*, 310 Kan. 5, 12, 444 P.3d 982 (2019). The movant—in this case Denney—has the burden to prove that an evidentiary hearing is warranted by making more than conclusory contentions and showing that an evidentiary basis exists or is available in the record. *Noyce v. State*, 310 Kan. 394, 398, 447 P.3d 355 (2019).

K.S.A. 60-1507 motions must be brought within one year of the final order giving rise to the complaint. K.S.A. 2024 Supp. 60-1507(f)(1). Here, it is undisputed that Denney failed to file the motion that is the subject of this appeal in a timely manner. As indicated above, Denney was convicted in 1993, his convictions were affirmed in 1995, and the current motion was not filed until March 6, 2024.

The statutory deadline can be extended only to prevent manifest injustice. K.S.A. 2024 Supp. 60-1507(f)(2). The manifest injustice inquiry is "limited to determining why the prisoner failed to file the motion within the one-year time limitation or whether the prisoner makes a colorable claim of actual innocence." K.S.A. 2024 Supp. 60-1507(f)(2)(A). Absent a showing of manifest injustice, a court must dismiss the motion as untimely. K.S.A. 2024 Supp. 60-1507(f)(3).

In his petition, Denney does not make a claim of actual innocence. Under K.S.A. 2023 Supp. 60-1507(f)(2)(A), actual innocence means that movant must show that "it is more likely than not that no reasonable juror would have convicted the prisoner in light

5

of new evidence." Instead, he claims that a challenge to the court's jurisdiction should not be subject to time limitations, and he asserts that K.S.A. 60-1507 is unconstitutional because it provides an inadequate remedy.

A panel of this court previously rejected these claims, finding that Denney failed to show how considering them would prevent a manifest injustice. The panel found that "[t]he record reveals no reason why Denney could not have raised his first three claims—K.S.A. 60-1507's constitutionality, the absence of a competency hearing, and his allegation that the court did not read the instructions to the jury at trial—within the one-year time limit." *Denney*, 2023 WL 3402876, at \*3. In addition, a panel of this court has already found that "framing these issues as jurisdictional does not circumvent K.S.A. 60-1507's procedural requirements." 2023 WL 3402876, at \*3. We agree.

Denney makes no new claim in his present K.S.A. 60-1507 motion or on appeal to show manifest injustice. Because Denney has not met his burden of showing that manifest injustice excused his failure to file his K.S.A. 60-1507 motion in a timely manner, we conclude that the district court properly summarily dismissed it as untimely.

In addition, Denney's motion is barred as successive. A review of the record reveals that Denney has sought relief by filing a direct appeal, submitting dozens of posttrial motions, and filing numerous appeals over the years. As our Legislature and our Supreme Court have made clear, Kansas courts need not entertain a second or successive motion for similar relief on behalf of the same prisoner absent the showing of exceptional circumstances to justify the filing. See K.S.A. 2024 Supp. 60-1507(c); *State v. Mitchell*, 315 Kan. 156, 160, 505 P.3d 739 (2022); Supreme Court Rule 183(d) (2025 Kan. S. Ct. R. at 237). A movant is presumed to have listed all grounds for relief in an initial K.S.A. 60-1507 motion and, therefore "must show exceptional circumstances to justify the filing of a successive motion." 315 Kan. at 160.

6

Exceptional circumstances are unusual events or intervening changes in the law that prevented the movant from reasonably raising the issue on direct appeal or in the first postconviction motion. *Mitchell*, 315 Kan. at 160. When deciding whether a district court erred in summarily denying a K.S.A. 60-1507 motion on the ground that it is successive and an abuse of remedy, we must determine whether the movant "presented exceptional circumstances to justify reaching the merits of the motion, factoring in whether justice would be served by doing so." *Littlejohn v. State*, 310 Kan. 439, 446, 447 P.3d 375 (2019). A court will hear a successive motion only upon a showing of exceptional circumstances—"unusual events or intervening changes in the law"—that prevented the movant from raising the issue earlier. *Thuko v. State*, 310 Kan. 74, 84, 444 P.3d 927 (2019).

In his K.S.A. 60-1507 motion, Denney provided a list of "unusual events" surrounding his trial to justify the successive filing. However, the asserted "unusual events" are comprised of a list of points asserting the merits of his claims. In addition, he makes a conclusory claim that if he was mentally incompetent, "he could not be AWARE of and raise all his alleged trial errors in his direct appeal or previous 60-1507 Petitions." However, all the claims raised in his K.S.A. 60-1507 motion had been previously raised and rejected by the district court and on appeal. *Denney*, 2023 WL 3402876, at *3. Because the record shows that all the claims raised in the present 60-1507 motion have been previously raised and rejected, the district court appropriately ruled that the motion should be denied as successive. Accordingly, we conclude that the district court's summary denial of Denney's most recent K.S.A. 60-1507 motion was appropriate.

*Denial of Motion to Reconsider*

Denney also contends that the district court erred in denying his motion to reconsider its ruling. In the motion, Denney asked the district court to reconsider its ruling because he "WAS ADJUDICATED AS MENTALLY INCOMPETENT AND

7

TRIED WITHOUT A COMPETENCY HEARING." In addition, Denney claims that the State misrepresented the purpose of the psychological evaluation.

Motions to reconsider are generally treated as motions to alter or amend judgment. See K.S.A. 60-259(f); *Exploration Place, Inc. v. Midwest Drywall Co.*, 277 Kan. 898, 900, 89 P.3d 536 (2004). We review a denial of a motion to reconsider or alter or amend judgment for an abuse of discretion. *State v. Campbell*, 317 Kan. 511, 529, 532 P.3d 425 (2023). In other words, a motion to reconsider provides the court with an opportunity to reexamine its rulings and vacate or modify its judgments as appropriate.

In his motion to reconsider, Denny merely repeats his arguments previously raised in his K.S.A. 60-1507 motion, and he made one additional claim that the State misrepresented the purpose of the ordered psychological evaluation. The district court denied the motion, taking judicial notice of its previous orders in which it considered Denney's argument that the State misrepresented the purpose of the psychological evaluation.

Given the fact that Denney's motion to reconsider merely reasserted arguments previously brought before the district court and properly denied, we find that he has failed to show an abuse of discretion. Accordingly, we find the district court properly denied the motion to reconsider.

We, therefore, conclude that the district court did not err in summarily denying Denney's latest K.S.A. 60-1507 motion or in denying his motion to reconsider.

Affirmed.